## SHELDON *vs.* THE SOUTH SCHOOL DISTRICT IN THE WEST SOCIETY OF SUFFIELD.

A motion for a new trial will not be granted for an erroneous ruling of the judge upon the circuit, where it is apparent that the verdict, on a re-trial of the cause, must be the same as on the former trial.

Where, in the absence of all fraud and all duress, one who has full knowledge of the circumstances attending the demand, voluntarily pays money upon a claim

of right, he can not recover it back, although it was paid under protest' and without a sufficient consideration.

But this rule does not apply, where the money paid was obtained by the fraud of the person receiving it, or was paid, without sufficient consideration, to avoid imprisonment, or the seizure or sale of goods.

The assessors of the town of A., having made a list against " the heirs of S.," a school district, within the town of A., afterward laid a tax for the purpose of building a school-house, and included, in the rate-bill, a tax upon the list against said heirs. The collector, having levied his warrant upon a portion of the land embraced in said list, sold and conveyed the same, against the protest of the plaintiff, who was the executor and principal devisee of S. to R., who purchased said land with the money of the plaintiff, to whom he afterward conveyed it.

In an action of assumpsit against said school-district, it was held, that such money was voluntarily paid by the plaintiff, and that consequently he was not entitled to recover.

THIS was an action of assumpsit, containing the common money counts, brought to recover the amount of a school-district tax, laid by the defendants.

The cause was tried by the jury, at the term of the superior court, holden at Hartford, in January, 1855.

On the trial, it was proved that Martin Sheldon, a resident of the district, died in 1848, leaving a large real and personal estate, and by his will the plaintiff was appointed his executor, and made the chief devisee and legatee. Shortly after the death of the father, the plaintiff removed from the district to another district in the same town, where he has since resided.

In 1849, the assessors of the town of Suffield made out a list against " the heirs of Martin Sheldon, deceased," including the real and personal estate left by him. In 1851, the defendants laid a tax for the purpose of building and furnishing a school-house, and the committee included in the rate-bill a tax upon the assessment-list, made out by the assessors against the heirs of the deceased.

The collector levied his warrant upon a portion of the land embraced in the assessment, and, against the protest of the plaintiff, sold the same to one Rose, who purchased with the

money, and for the use of the plaintiff, by a previous arrange-
ment, and a few days afterward, when the collector had
deeded the land to him, released the same to the plaintiff.

The plaintiff claimed to recover, upon the ground that the
tax was not laid according to law, and was void, and assigned
various reasons in support of his claim. The ruling of the
court was adverse to his claim, and a verdict was rendered
in favor of the defendants. He thereupon moved for a new
trial, and the case was reserved for the advice of this court.

A detail of the objections, urged against the validity of the
tax, becomes unnecessary, as no opinion upon them was
expressed by this court.

*Hungerford & Cone*, and *Philleo*, in support of the
motion.

*T. C. Perkins* and *R. D. Hubbard*, contra.

WAITE, C. J. It is unnecessary for us to consider the
several questions made by the plaintiff's counsel, respecting
the legality of the tax imposed by the defendants, for how-
ever they may be, the plaintiff, upon the facts, presented in
the motion, is not entitled to recover. It would be useless
for us to send the case back for another trial, upon an erro-
neous ruling of the judge on the circuit, when we can see,
from the case itself, that the verdict must ultimately be the
same as at present, in favor of the defendants.

The plaintiff claims to recover money paid by him through
one Rose, as his agent, upon a tax sale of certain lands as
the property of the heirs of Martin Sheldon, deceased, upon
which sale a deed of the land was made by the collector to
Rose, and another given by Rose to the plaintiff.

Admitting that the contract for the purchase may be con-
sidered as having been made by the plaintiff, through Rose,
as his agent, yet the money was voluntarily paid by him, as
the purchase price of the land, and there is no pretence what-
ever, that any facts have come to his knowledge since, re-

specting the tax, or the sale, of which he was not fully apprised at the time of the purchase.

Now the rule is perfectly well settled, that a person, who voluntarily pays money upon a claim of right, with full knowledge of all the facts in the case, and in the absence of all fraud, and all duress, can not recover it, although there was no sufficient consideration, and the money was paid under protest.

" The rule of law," says Dallas, C. J., "is that where money is paid with full knowledge, or with full means of knowledge of the circumstances attending the demand, the party paying is not entitled to recover back such payment, though made without sufficient consideration." *Martin* v. *Morgan*, 1 Brod. and Bing., 289. 5 E. C. L. R., 87.

And Gibbs, J., says, " I think, where a man demands money of another, as a matter of right, and that other, with a full knowledge of the facts upon which the demand is founded, has paid a sum, he can never recover back the sum he has so voluntarily paid." *Brisbane* v. *Dacres*, 5 Taun., 144. 1 E. C. L. R., 46.

The same doctrine is recognized in Massachusetts. " A party," says Shaw, C. J., " who has paid voluntarily, under a claim of right, shall not afterward recover back the money although he protested at the time against his liability." *Preston* v. *Boston*, 12 Pick., 13.

And our own court has said, speaking of the action of *indebitatus assumpsit*, " This action does not lie to recover back money voluntarily paid on a claim, which the party disputes ; though he pay it, expressly reserving his right to litigate the same." *Buckley* v. *Stewart*, 1 Day, 133.

Numerous other authorities, of the same import, might be cited, if necessary.

But this rule does not apply, where money was obtained by the fraud of the person receiving it, or was paid without sufficient consideration, to avoid imprisonment, or the seizure or sale of goods.

As where a foreigner was fraudulently arrested in England,

and paid £500 for his release, the court held that he might recover the money, upon the ground. that the arrest was fraudulent, and the money paid to get rid of the pressure. Patterson, J., in that case, said, " I admit, in general, that money paid under compulsion of law, can not be recovered back, as money had and received. And further, when there is *bona fides*, and money was paid with full knowledge of the facts, though there be no debt, still it can not be recovered back." *Cadaval* v. *Collins*, 4 Ad. & El., 858. 31 E. C. L. R., 209.

So where a broker who was in possession of goods distrained for rent, which the tenant was anxious should not be sold, and that time should be allowed him to pay the rent, refused to grant the indulgence, unless upon the payment of illegal charges, it was held that payment, under such circumstances, was not voluntary, but was obtained by a species of duress, and the money, so paid, might be recovered. *Hills* v. *Street*, 5 Bing., 37. 15 E. C. L. R., 359.

In the case under consideration, there was no fraud on the part of the defendants, or the collector ; no mistake as to the facts on the part of the plaintiff, and no payment made to avoid imprisonment, or the seizure or sale of goods. The money was paid, rather to perfect the sale than to prevent it. The case, therefore, falls within the general rule, and not within any of the exceptions.

It stands on no higher ground than it would, if the plaintiff, when the tax was demanded of him by the collector, had said to him, I know your tax is illegal and void ; I am under no obligation to pay it, but I shall pay it under protest, and with an intention to sue for, and recover it. All the authorities agree that money, paid under such circumstances, can not be recovered.

But the case of *Adam* against *the Town of Litchfield*, has been cited as an authority in support of the plaintiff's claim. 10 Conn. R., 127. There the collector had levied his warrant upon the plaintiff's property, sold it, and paid over the proceeds to the town treasurer. The court held that,

Sheldon *v*. The South School District in the West Society of Suffield.

under such circumstances, the plaintiff could recover upon the familiar principle, that the owner of goods which have been taken and sold by a trespasser, might, on his election, waive the tort; treat the wrong doer, in making the sale, as his agent, and the money received by him, as received for the use of the owner.

The case seems rather to fall within the principle, recognized in the case of the *Town of Barkhamsted* v. *Case*, 5 Conn. R., 528. There the agents of the town had sold a portion of the highway to Case, and taken his note, payable to the treasurer of the town. Case afterward brought a bill in chancery to be relieved against the payment of his note, upon the ground that the town had no title to the land, and that his note was given entirely without consideration. But the court said, that " if there was no fraud and no covenant to secure the title, the purchaser had no remedy for his money, even on failure of title, either at law or in equity.

In the present case, the plaintiff, as he says, through his agent, purchased land of a collector of taxes, received his deed and paid the purchase price. He now, retaining his deed, sues to recover back his money, alleging that the collector had no legal authority to sell. Having paid his money, he can stand upon no higher ground than the purchaser in the case last cited, who had merely given his note, and if the one is not entitled to relief, we do not see upon what ground the other can obtain it.

But we do not deem it necessary to place the case upon the authority of the one cited, because, in our opinion, it is enough that the plaintiff paid the money which he seeks to recover, voluntarily, upon a claim made, for aught that appears, in good faith, without any fraud, mistake or duress, and upon the execution and delivery of a deed of land to him.

We do not, therefore, advise a new trial.

In this opinion, the other judges, STORRS and HINMAN, concurred.

New trial not to be granted.