WILLIAM CLAFLIN *et al.*, Plaintiffs in Error, *v.* JAMES MC-DONOUGH, Defendant in Error.

*Action—Money had and received—Duress.*—A voluntary payment of an illegal demand, the party knowing it to be illegal, without an immediate necessity, unless to redeem or preserve his person or goods, is not the subject of action for money had and received.

*Duress—Legal Process.*—Threat of legal process is not duress, for the party may plead and make proof and show that he is not liable. Where the collector demanded of the defendants the amount of the license tax due by them as merchants, and threatened that if they refused payment they should be prosecuted by indictment for dealing as merchants without license, and the defendants thereupon paid the sum demanded under protest in writing, the payment was voluntary, and not under duress.

*Error to St. Louis Court of Common Pleas.*

*Henry Hitchcock*, for plaintiffs in error.

It is not disputed that the law under which the tax claimed of plaintiffs and paid by them, as stated in the petition, was unconstitutional and void, so far as related to a part of the goods, &c., in respect of which such tax was imposed.

This being so, the demand made by defendant was without legal authority or justification, and the money was wrongfully received, and that with notice it would be sued for as illegally exacted.

It is a doctrine of the common law, absolutely universal,

Claflin et al. v. McDonough.

(as far as my researches extend,) that if a man by fraud, or wrong, or illegality, obtains, or exacts, or retains money justly belonging to another, with notice that the latter contests the right of the former to receive, or exact, or retain it, an action for money had and received lies to recover it back, and it is no answer for the wrong-doer to say that he has paid it over to his superior, &c., &c.   (Cary v. Curtis, 3 How. U. S. 255; Elliott v. Swartwout, 10 Pet. 137; Bond v. Hoyt, 13 Pet. 263, 267; Ripley v. Gelston, 9 Johns. 201; Fry v. Lockwood, 4 Cow. 454.)

*C. D. Drake*, for defendant in error.

I. While it is admitted that the law under which the tax was paid was unconstitutional, (as has since been declared by the Supreme Court,) it is manifest from the petition that such was the plaintiffs' own view of it when they made the payment.   They, therefore, not only knew all the facts of the case, but also that, in law, they were not bound to pay the tax, and yet they paid it.   There is no allegation of fraud or duress having been practised on them, and, in the absence of both these elements, it is well settled that no action lies to recover back the money.   (Sheldon v. School District, 24 Conn. 88; Fellows v. School District, 39 Me. 559; Baltimore v. Lefferman, 4 Gill, 425; Baltimore & S. R.R. Co. v. Faunce, 4 Gill, 68; Tiffany v. Johnson, 27 Miss. 227; Downs v. Donnelly, 5 Ind. 496.)

II. There was no duress practised to coerce the payment. The collector had no legal authority to seize either the persons or goods of the plaintiffs, and they do not aver any attempt to do either.   The only averment of any constraint is, that they were threatened with a criminal prosecution if they refused to pay.

1. They do not aver that they were threatened by the defendant.

2. A payment made under a threat of legal proceedings is not made by duress.   (Kribbs v. Hall, 1 Esp. 84; Baltimore v. Lefferman, 4 Gill, 425.)

27—VOL. XXXIII.

3. To constitute a payment by duress it must appear that there was an arrest of the body, or a seizure of property, or the conclusion must be justified that such an arrest or seizure could be avoided only by payment. (Smith v. Redfield, 27 Me. 145 ; Baltimore v. Lefferman, 4 Gill, 425 ; Mays v. Cincinnati, 1 Ohio, 268.)

III. The protest averred in the petition is of no moment; for where a payment is not made under duress of person or of goods, the protest gives no right to recover back the money. (Brown v. McKinnally, 1 Esp. 279 ; Fleetwood v. New York, 2 Sand. S. C. 475 ; Buckley v. Stewart, 1 Day, 130 ; Sheldon v. School District, 24 Conn. 88.)

Bay, Judge, delivered the opinion of the court.

Plaintiffs brought suit to recover from defendant the sum of $1,494.60, paid by them to him as collector of the State and county revenue, for the county of St. Louis, as a tax upon a license issued to them as merchants.

The petition alleges, in substance, that defendant, as such collector, demanded of plaintiffs, (who were doing business under the name and firm of Claflin, Allen & Co.,) about the 4th of August, 1857, that the firm should take out a license to vend merchandise in said county, according to law, and further demanded, that, for the purpose of obtaining such license, said plaintiffs should pay to him, as such collector, a certain sum of money, as a tax imposed upon them as such merchants, and upon the aggregate amount of all goods, wares and merchandise, (except such which were the growth, produce or manufacture of this State, and unmanufactured articles the growth or produce of other States,) purchased and received by said firm during the twelve months next preceding the first day of July, 1857, to-wit, the sum of $1,494.60, of which amount $684.80 was demanded as a State tax, and $809.80 as a county tax; that plaintiffs, refusing to pay such tax, would have been liable to and were threatened with prosecution by indictment therefor, entailing heavy expense and loss in any event; and that, therefore,

said plaintiffs, though deeming and declaring such tax illegal and unauthorized, and protesting against the collection and payment thereof as illegal, and against said demand of defendant, of all which they gave defendant notice in writing at the time, did pay said sum so demanded of them to defendant under protest, and with notice to him that such payment was under compulsion and to avoid prosecution, and they reserving their right in the premises to demand repayment of said sum. The petition further alleges that the defendant had no lawful right to demand or collect the said sum of money, or any part thereof; that the said tax, under color of which said demand was made and payment so compelled, was illegal and void.

To this petition the defendant demurred, and the demurrer was sustained, and judgment rendered for the defendant. Plaintiffs bring the case here by writ of error.

The only question arising upon the record is, whether the facts stated in the petition constitute a cause of action. The rule of law is well established, both in England and in this country, that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest. (5 E. C. L. 87; 1 Esp. 84; 24 Conn. 88; 4 Gill, 425; 12 Pick. 13; 15 Me. 45; 9 Cow. 674.)

The petition contains no allegation of fraud, and the only question, therefore, is, whether the facts stated constitute a compulsory payment, or payment under duress. It is not averred that the defendant had any authority to seize the persons or goods of plaintiffs, or threatened or attempted to do either; but it is averred that they were threatened with an indictment, and they paid the amount to avoid the expense and annoyance of a prosecution.

In our opinion, this does not make it a payment under duress. To constitute duress there must be a seizure of the property or arrest of the person, or a threat or attempt to do one or the other, or facts must be stated which tend to show

or which warrant the conclusion that such an arrest or seizure could be avoided only by the payment of the tax demanded. (Smith v. Redfield, 27 Me. 145; Mayor, &c., of Baltimore, v. Lefferman, 4 Gill, 425; Mays v. Cincinnati, 1 Ohio, 268.)

In the case of Falham v. Down, (6 Esp. 26,) Lord Kenyon said, "a voluntary payment of an illegal demand, the party knowing the demand to be illegal, without an immediate and urgent necessity, (unless to redeem or preserve his person or goods,) is not the subject of action for money had and received."

Threat of legal process is not duress, for the party may plead and make proof, and show that he is not liable. (Knibbs v. Hall, 1 Esp. 84; Preston v. City of Boston, 12 Pick. 7; 3 Watts, 328.)

C. J. Waite, in delivering the opinion of the Supreme Court of Connecticut, in the case of Sheldon v. School District, (24 Conn. 88,) said, in commenting on the case:

"It stands on no higher ground than it would if the plaintiff, when the tax was demanded of him by the collector, had said to him, I know your tax is illegal and void; I am under no obligation to pay it, but I shall pay it under protest, and with an intention to sue for and recover it. All the authorities agree that money paid under such circumstances cannot be recovered."

In the case under consideration the plaintiffs paid the money with a full knowledge of all the facts and circumstances, and well knowing that they were under no legal obligations to pay it. It must, therefore, be regarded as a voluntary payment, and not a payment under duress. In this view of the case, the demurrer was well taken.

The other judges concurring, the judgment will be affirmed.