# C. E. PRITCHARD, Respondent, v. PEOPLES BANK OF HOLCOMB, Appellant.

### Springfield Court of Appeals, February 6, 1918.

1. **PAYMENT:** Voluntary Payments: Recovery. One who voluntarily pays money with full knowledge relative to the claim made cannot recover it back in the absence of fraud or duress, although the money paid was not actually due.

2. **EXECUTION:** Sales: Effect. A sheriff's deed to land sold on execution contains no warranty that the judgment debtor has any title to the land, and does not divest, or purport to divest, the title of any one save the judgment debtor.

3. **PAYMENT:** Recovery: Duress. The voluntary payment of an illegal demand cannot be recovered back, unless paid under the immediate necessity to preserve the owner's property or person, and ordinarily a threat of legal process is not duress; hence plaintiff, who, after rendition of judgment, acquired land from a judgment debtor, cannot, having bid in the land at execution sale, recover the amount paid under his bid on the theory that it was paid under duress, for the sheriff could not sell plaintiff's interest, but only the interest of the judgment debtor, and the sheriff's deed could only amount to a cloud on plaintiff's title and result in future litigation.

Appeal from Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED.

*Ely, Pankey & Ely* for appellant.

*John T. McKay* for respondent.

STURGIS, P. J.—This suit is to recover back an amount of money, paid by plaintiff to the sheriff of Dunklin County as the purchase price of some land sold under execution. The defendant is the judgment creditor in the execution sale and the money paid by the plaintiff was turned over by the sheriff to defendant. From a judgment for plaintiff the defendant appeals.

There is little dispute as to the facts. The defendant obtained a judgment against one M. E. Bledsoe in a Justice of the Peace court and thereafter filed a transcript of the same in the circuit court from which the execution issued. At the time the judgment was rendered, the judgment defendant, M. E. Bledsoe, owned the land in question. At the time the transcript was filed in the circuit court and execution issued thereon said judgment defendant had made a deed conveying the land to this plaintiff, but such deed was not yet recorded. The sheriff levied the execution on the land as the property of M. E. Bledsoe, the judgment defendant, and proceeded to sell whatever interest such defendant had. The present plaintiff filed his deed for record before the sheriff's sale. At the sheriff's sale plaintiff here bid in said land and received a sheriff's deed for same notwithstanding he then and now claims that he already owned said land by prior purchase and deed from the judgment defendant.

Having paid to the sheriff the amount of his bid and the sheriff having paid same to defendant in satisfaction of the execution, plaintiff sues to recover back same as having been paid under duress. The plaintiff's argument is that, although the judgment defendant had no interest in this land and same belonged to plaintiff, yet, to prevent a sale and to keep a cloud from his title, he was compelled to buy and pay his bid at the sheriff's sale and the amount so paid was paid under duress and can be recovered. On the other hand the defendant contends that the money paid was a voluntary payment and hence cannot be recovered.

The general rule is that one who voluntarily pays money, with full knowledge of the facts relative to the claim made, cannot recover it back in the absence of fraud or duress, although the money paid was not actually due, was without sufficient consideration and was paid under protest. The voluntary payment of an illegal demand when the party paying knows it to be illegal affords no basis to recover back same unless paid under an immediate necessity to preserve one's

property or person. [22 Ency. Law (2 Ed.), 609; Claflin v. McDonough, 33 Mo. 412; Davis v. King, 28 N. Y. Supp. 1026, 1029.] There is no claim of fraud in this case nor do we think there was any duress such as affords a basis for an action to recover back money paid. The threat of legal process is not duress, nor is there any duress when further legal proceedings are necessary before the party is or could be deprived of his property, for in such case such party may make his defense and defeat the claim. [Claflin v. McDonough, 33 Mo. 412, 416; Robins v. Latham, 134 Mo. 466, 473, 36 S. W. 33; Buchanan v. Sahlein, 9 Mo. App. 552, 562; Wolfe v. Marshall, 52 Mo. 167, 171.] In the last cited case the court said:

"Generally a threat of legal process is not duress, for the party may plead and make proof and show that he is not liable. . . . The reason for the rule and its propriety are quite obvious, when applied to a case of payment upon a mere demand of money unaccompanied with any power or authority to enforce such demand, except by a suit of law. In such case if a party would resist such unjust demand, he must do so at the threshold. The parties treat with each other on equal terms, and if litigation is intended by the party of whom the money is demanded it should precede payment. . . . But where he can only be reached by a proceeding at law, he is bound to make his defense in the first instance and he cannot postpone the litigation by paying the demand and afterwards suing to recover it back."

In the present case defendant was not armed with an execution against plaintiff's property, nor even with a judgment against him, but only with an execution against M. E. Bledsoe. The sheriff did not sell or threaten to sell any interest of plaintiff in this land but only the interest, if any, of said Bledsoe. In the sheriff's sale there was no warranty that Bledsoe had any title. [2 Freeman on Executions, sec. 313H; McNamee v. Cole, 134 Mo. App. 266, 274, 114 S. W. 40; Hensley v. Baker, 10 Mo. 157; Talley v. Schlatitz, 180 Mo. 231,

79 S. W. 162; Noland v. Barrett, 122 Mo. 181, 190, 26 S. W. 692.] The sale under the execution in question did not, therefore, divest or purport to divest plaintiff of any interest he had in this land. Nor did it in anywise disturb plaintiff's possession of same. It is only by some further and future litigation, such as a suit to determine title, or to set aside the deed from Bledsoe to plaintiff for fraud, that the execution purchaser could disturb, if at all, the plaintiff's title to this land. The most that plaintiff can claim is that such sale and deed thereunder would cast a cloud on plaintiff's title. We find no case holding that money voluntarily paid to prevent possible or even threatened future litigation can be recovered back for duress. In Islay v. Stewart, 20 N. C. 297, 299, the court said: "Considering the sale as an ordinary execution sale, there was no warranty of title, express or implied. The purchaser at such sale buys the *interest* of the defendant in execution, and cannot object, when the price is demanded, that the goods bought belonged to himself or to a third person." The purchaser under the execution sale, though purchasing only the interest of M. E. Bledsoe in the land, would have a right to attack in future litigation the conveyance from Bledsoe to this plaintiff as being in fraud of creditors or from failure to record the deed before the transcript judgment became a lien. It was doubtless to avoid such possible litigation that plaintiff became the purchaser. It is well settled that money paid to buy off threatened or even pending litigation is not paid under duress. [22 Ency. Law (2 Ed.), 615.] The judgment is therefore reversed. *Farrington* and *Bradley, JJ.,* concur.