# HARRY FERGUSON, Appellant, v. BUTLER COUNTY et al.

### In Banc, February 2, 1923.

1. **FINE: In Excess of One Thousand Dollars.** Where the statute under which the information is drawn does not fix a maximum fine, the largest fine that can be imposed as a punishment upon a plea of guilty is one thousand dollars, as provided by Section 3700, Revised Statutes 1919.

2. **EXCESSIVE FINE: Plea of Guilty Upon Agreement: Duress: Payment and Recovery.** The entrance of a plea of guilty by a defendant charged with a felony, punishable by not less than two years' imprisonment, upon an agreement with the prosecuting attorney that if he would so plead the punishment would be a fine of ten thousand dollars, and the acceptance of said agreement by the trial court and the assessment of his punishment at such fine—the court, the prosecuting attorney and the defendant, if he knew, having overlooked the fact that the largest fine that could be imposed was one thousand dollars—were not the result of duress or coercion, but a voluntary act, into which the question of the amount defendant could lawfully be fined did not enter. And the judgment requiring twenty-five hundred dollars of the fine to be paid at once, and twenty-five hundred dollars in ninety days, the remaining five thousand dollars to be remitted upon proof of good conduct for two years, and the defendant having paid the twenty-five hundred dollars and the balance of seventy-five hundred having been remitted, he cannot recover from the county the excess of fifteen hundred dollars on the theory that the payment was made under duress.

   *Held*, by WOODSON, C. J., dissenting, that the payment was made under duress, and defendant is entitled to recover the excess payment.

3. ———: **Voluntary Payment: Recovery: Mistake of Law.** Relief from a judgment imposing an excessive term of imprisonment,

Ferguson v. Butler County.

and relief from a judgment imposing an excessive fine where defendant upon failure to pay the fine has been imprisoned, may be obtained by *habeas corpus;* but where he has not been imprisoned, and voluntarily paid the excessive fine with full knowledge of all the facts and as a result of mutual agreement between him and the prosecuting attorney and without duress, the payment was made under a mistake of law, and he cannot by suit recover the illegal excess so paid on the theory that the judgment was void. [WOODSON, C. J., dissenting.]

Appeal from Butler Circuit Court.—*Hon. J. F. Woody,* Special Judge.

AFFIRMED.

*Sheppard & Sheppard* for appellant.

(1)   The finding of the trial court herein should have been for appellant on the ground that the agreement to pay, and the payment of, the excessive sum of $1500 upon the fine of $10,000 imposed by it in the criminal prosecution, was made under duress. Simmons v. St. Louis, 192 S. W. 394; American Mfg. Co. v. St. Louis, 192 S. W. 399; Niedermeyer v. Curators of University, 61 Mo. App. 654; Brewing Company v. St. Louis, 187 Mo. 377; State ex rel. v. Reynolds, 194 S. W. 878; Link v. Real Estate Co., 182 Mo. App. 536; Brown v. Worthington, 162 Mo. App. 508, 516; Wiliford v. Eason, 110 Ark. 303, 161 S. W. 498; Maxwell v. Griswold, 10 How. 242, 256; Swift v. United States, 111 U. S. 28, 4 Sup. Ct. Rep. 247; Roberts v. Frank Bros., 132 U. S. 17, 10 Sup. Ct. Rep. 5; Gaar, Scott & Co. v. Shannon, 223 U. S. 468, 56 L. Ed. 510; Devlin's Case, 12 Court of Claims, 266; Merkee v. City of Rochester, 13 Hun, 157; United States v. Rothstein, 109 C. C. A. 521, 187 Fed. 268.   Appellant maintains that he agreed to pay, and did pay, the sum of $2500 under protest; but admitting for the sake of argument that such payment was made without formal protest, still he is entitled to recover. Brewing Company v. St. Louis, 187 Mo. 379; Westlake & Button v. St. Louis, 77 Mo. 47.   (2)   The finding of the

trial court herein should have been for appellant on the ground that so much of the judgment in the criminal case as assessed a fine in excess of $1000 was illegal, without authority of law and void. Ex parte Page, 49 Mo. 291; Ex parte Crenshaw, 80 Mo. 447; Ex parte Holliway, 199 S. W. 412; Ex parte Creasy, 243 Mo. 679, 708; Ex parte Craig, 130 Mo. 590; Ex parte Arnold, 128 Mo. 256; In re Bonner, 151 U. S. 242, 38 L. Ed. 149; In re Mills, 135 U. S. 263; United States v. Pridgeon, 153 U. S. 49, 38 L. Ed. 631; 16 C. J. 1312, 1313; State v. Feilen, 70 Wash. 65; Madden v. State, 67 S. W. 74; State ex rel. v. Reed, 132 Minn. 295; In re McNeil, 68 Kan. 366; In re Paschall, 56 Kan. 123. The imposition of a fine in excess of the sum prescribed by the statute is analogous to the imposition of a fine under a void statute. In each instance the court acts without jurisdiction; in the former, it has no jurisdiction to assess a fine in excess of the sum prescribed by statute; in the latter it has no jurisdiction of the prosecution for an alleged violation of law. A conviction under a void statute or ordinance is a nullity. Ex parte Taft, 225 S. W. 457.

*John A. Gloriod* and *Francis M. Kinder* for respondents.

(1) The judgment assessing a fine of $10,000, and the payment of the sum of $2500 was entered into by agreement, was a voluntary payment by the appellant with full knowledge of the facts, and the excess cannot be recovered back. State ex rel. v. Stonestreet, 92 Mo. App. 214; Robins v. Latham, 134 Mo. 466; Teasdale v. Stoller, 133 Mo. 645; Trust Co. v. Bank, 154 Mo. App. 108; Claflin v. McDonough, 33 Mo. 412; Slover v. Rock, 96 Mo. App. 335. Money paid under a mistake of law cannot be recovered back. Corbin v. Adair County, 171 Mo. 385; Morgan v. Joy, 121 Mo. 683; Hethcock v. Crawford County, 200 Mo. 171; Wingerter v. San Francisco, 66 Pac. 730; Buchanan v. Sahlein, 9 Mo. App. 552; Benson v. Monroe, 61 Mass. 125; Gould v. McFall,

118 Pa. St. 455. (2) Where the court assesses a fine larger than permitted by law and the fine is paid, the payee cannot maintain an action for the recovery of the excess. Bailey v. Inc. Town of Paullina, 29 N. W. 418; Harrington v. City of New York, 81 N. Y. Supp. 667. (3) The judgment is for the right parties for the reason that appellant is not entitled to recover against respondents in the present action. They are simply trustees of a trust fund, and the action is not brought against them as trustees. Cedar County v. Johnson, 50 Mo. 225; Ray County v. Bentley, 49 Mo. 236; Marion County v. Moffett, 15 Mo. 604; Knox County v. Hunolt, 110 Mo. 67.

DAVID E. BLAIR, J.—Suit to recover back part of a fine imposed upon and paid by plaintiff (appellant here) upon a plea of guilty in a criminal prosecution. Trial before Hon. J. F. Woody, Special Judge, sitting as a jury, resulted in a judgment for defendants. The County of Butler being a party defendant, the appeal comes to this court.

Many of the facts are covered in the finding of facts made by the trial judge, which is as follows:

"1. That on the 22nd day of December, 1916, the Prosecuting Attorney of Butler County, Missouri, filed in the office of the clerk of said county his information, duly verified, in which he charged the above named Harry Ferguson with a felony, to-wit, with assault with intent to kill.

"2. That from said information as it appeared when offered in evidence in this case, the charge was, when first written, that of an assault to kill with malice, but that the same had been changed so as to charge the offense as being willful and without malice. Whether this change, or amendment, was made before or after the information was filed, does not appear.

"3. That between the filing of the information and the entry of the plea thereto, William Ferguson, an uncle of defendant, Harry Ferguson, and one W. B.

Adams went to the prosecuting attorney and had an agreement with him by which Harry Ferguson was to enter a plea of guilty and be fined in the sum of $10,000.

"4. After this arrangement had been made, counsel was employed to represent Harry Ferguson in said cause.

"5. That on the 4th day of January, 1917, and during the regular January Term, 1917, of the Circuit Court of Butler County, Missouri, the defendant, pursuant to said agreement, entered a plea of guilty to the charge and his punishment was fixed by the court at a fine of $10,000, $2500 to be paid at once, $2500 in ninety days, and the remaining $5000 to be remitted upon proof of good conduct for a period of two years.

"6. That the plea of guilty was entered by agreement of the parties with a full and complete understanding of all the facts and of the amount of the fine. Pursuant to the conditions of the judgment fixing the fine, Harry Ferguson paid the sum of $2500 thereon.

"7. That the entry of the plea of guilty and the payment of the said sum of $2500 were both voluntary acts on the part of Harry Ferguson.

"8. That the $2500 so paid on the fine was, by the sheriff of said county, paid to the county treasurer, and by him placed in the Capital School Fund of said county.

"9. That no motion for a new trial, motion in arrest of judgment, motion to correct the judgment, motion to reduce the fine, no application for an appeal from said judgment was filed, nor any other steps taken in the case of State of Missouri v. Harry Ferguson, except that, some time after, the court remitted the balance of the fine, to-wit, $7500."

Upon the foregoing facts, shown entirely by the evidence offered by the plaintiff, the trial court found the issues and rendered judgment in favor of defendant. Section 4482, Revised Statutes 1909 (Sec. 3263, R. S. 1919), under which the information was drawn when plaintiff entered his plea of guilty and the fine was assessed, did not provide any maximum fine, and hence the maximum fine is the sum of $1,000 as provided by

Section 4911, Revised Statutes 1909 (Sec. 3700, R. S. 1919). It seems that the prosecuting attorney, the trial judge who imposed the fine and counsel for plaintiff overlooked said Section 4911. Certainly plaintiff and his lay advisers did not know of its provisions. Plaintiff did not learn that the maximum fine fixed by the law was $1000 until he was so informed while he was in France with the American Expeditionary Forces. Upon his return he demanded re-payment of the excess of $1500, and upon refusal of the county court of said county to allow the claim, suit was filed against said county and against the judges of the county court and the county treasurer. The plaintiff relies for a recovery on two grounds. First, that he paid the excess under duress, and, second, that the circuit court was without jurisdiction to assess against him a fine in excess of $1000 and all the judgment in excess of that sum is void.

I. The trial court found that the plea of guilty was entered by agreement, with full knowledge of all the facts of the amount of the fine agreed upon, and that plaintiff's acts in entering such plea and making the $2500 payment were voluntary. The information, as originally drawn and probably as filed, charged
**Duress.** a crime then punishable only by imprisonment in the state penitentiary from two to ten years. Conviction meant a term in prison. Plaintiff, standing then before the bar as the accused, saw an opportunity to compromise with the prosecuting attorney. The amount of the fine was fixed by agreement. Ignorant of the legal limit, plaintiff doubtless thought he was making a good bargain when he swapped a probable penitentiary sentence for a fine payable $2500 in cash, $2500 in ninety days and the balance of $5000 only to be paid conditionally. He was no more under duress than he would have been had the prosecuting attorney contended that he would secure the maximum sentence in the penitentiary from the jury and, rather than take such chance, he had agreed to plead guilty and take the minimum term of two years

in prison. Such arrangements are commonly made between the prosecutor and the accused and, when approved by the trial judge, are carried out. In telling plaintiff that he would send him to the penitentiary, the prosecuting attorney may either have been bluffing to secure a plea of guilty or the evidence against plaintiff may have been so conclusive that he was entirely justified in his assertion. It is not a question here whether the plaintiff was guilty of the crime charged or not guilty. If he was guilty, he certainly thought at the time he was getting what he was paying for. The question of the limitation upon the amount he could lawfully be fined did not enter into the question in plaintiff's mind at all.

We have examined the cases cited by appellant. No good purpose can be served by discussing them individually. In every case where it was held the payment was made under duress, it was under circumstances of oppression where an unlawful demand was paid to avoid a greater loss and either under protest or under circumstances amounting to compulsion. The prosecuting attorney was within his undoubted rights in securing the conviction of plaintiffs and having him sent to the penitentiary if the evidence warranted such result. [Slover v. Rock, 96 Mo. App. 335.] Doubtless plaintiff was satisfied he would be sent to the penitentiary. Hence, he made terms then entirely satisfactory to him, so far as the record shows. The alleged duress was apparently never thought of until it was discovered that the fine was excessive and that the court could not lawfully assess more than a $1000 fine. The prosecuting attorney waived his right to prosecute for the more serious crime of assault with intent to kill *with malice aforethought*. He very likely would not have agreed to reduce the charge and accept a fine of only $1000 if his attention had been called to the statute referred to. At least he had the undoubted right to refuse to reduce the seriousness of the charge on such terms. There was no protest by plaintiff, and there are no facts shown in evidence which amount to protest or compulsion.

American Brewing Company v. St. Louis, 187 Mo. 367, is relied on by appellant. In that case an illegally high water rate was imposed upon the brewing company, which it paid rather than have its water supply cut off and its business closed down. No such facts exist in the instant case. The excessive fine was paid under voluntary agreement. The situation in Westlake v. St. Louis, 77 Mo. 47, was the same as in the brewing company case, except that the payment was made under protest in addition to the compulsion caused by the threatened shutting off of the water.

The trial court was right. There was no duress. The rule is well stated by BAY, J., in Claflin v. McDonough, 33 Mo. at page 415, ''The rule of law is well established, both in England and in this country, that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration and under protest.'' [See also Pritchard v. Peoples Bank, 200 S. W. (Mo. App.) l. c. 666; Hethcock v. Crawford County, 200 Mo. l. c. 176 and Robins v. Latham, 134 Mo. 466.]

II. Plaintiff contends that the portion of the judgment assessing a fine in excess of $1000 is absolutely void; and that such fact authorizes a recovery of the excess paid by him. We have carefully examined the cases cited by counsel. They are cases where illegal or excessive fines or imprisonments were imposed and discharges from imprisonment were sought by *habeas corpus*. We do not think cases of such character are in point. It cannot be doubted that where one is imprisoned under a judgment imposing either an excessive term of imprisonment or where the court had no right to imprison at all, relief against the excessive or illegal imprisonment may be granted by *habeas corpus*. If plaintiff in the instant case had been imprisoned for failure to pay the excessive fine imposed upon him, he would

Excessive Fine:
Voluntary
Payment.

have been entitled to his discharge therefrom under a writ of *habeas corpus*. But the payment of the excessive fine was made in full knowledge of all the facts and by mutual agreement and without duress. The payment was made under a mistake of law. The general rule is that recovery cannot be had under such circumstances. There are many Missouri cases which so hold.

We have not been cited to any case in this State where the facts were similar to the instant case, and we have found none. The nearest case on the facts to which our attention has been called is Poydak v. O'Connor, 125 Pac. 539, a Colorado case. The syllabus fairly states the substance of the opinion and we quote it.

"Plaintiff, whose son was charged before a justice with forgery, on an agreement with defendant, the county attorney, that the charge should be changed to one of larceny, and a fine of $100 and costs be assessed, to be paid by plaintiff, paid such amount to defendant, who turned it into the county treasury. *Held*, that the payment having been voluntary, with an understanding of the facts, and the object sought by plaintiff accomplished, no part thereof could be recovered, even though the subsequent proceedings in the justice court, done at direction of defendant over the telephone, commencing with entry, through misunderstanding, of a fine of only $5, and afterwards changed, at direction of defendant, to the agreed amount, were void."

In Bailey v. Town of Paulina, 29 N. W. (Iowa) 418, it was held that one who paid a fine under a void ordinance without protest could not recover the money paid. In Harrington v. New York, 81 N. Y. Supp. 667, one who paid a fine imposed by a magistrate who had no jurisdiction to impose it was held not entitled to recover the money paid when the payment was voluntary. In Houlehan v. Kennebec County, 81 Atl. (Me.) 449, the justice of the court in vacation illegally amended the sentence and imposed a fine of $1000 and imprisonment for thirty days. Defendant paid the fine and later sued for its recovery. The court said: "The proposition that a fine

illegally imposed, but voluntarily paid under mistake of law, cannot be recovered back, is supported by ample authority.'' We hold that the payment by plaintiff was voluntary and under agreement and that he is not entitled to recover back the excess paid, even though the circuit court had no jurisdiction to impose a fine greater than $1000.

This view of the case makes it unnecessary to consider the point made by respondents that the action cannot be maintained against them because not brought against them as trustees of the school fund. The judgment is affirmed.

PER CURIAM:—The foregoing opinion of DAVID E. BLAIR, J., in Division Two is hereby adopted as the opinion of the Court in Banc. *Graves, David E. Blair, Walker* and *Ragland, JJ.,* concur; *James T. Blair, J.,* concurs in result; *White, J.,* dissents; *Woodson, CJ.,* dissents in separate opinion.

WOODSON, C. J. (dissenting).—I dissent from the majority opinion for two reasons. First, because I think the appellant paid the money sued for under duress; and second, because it was written thousands of years ago, that he who exacts more than the law allows is a tyrant, and it is now too late for me to endorse an act that was placed under the ban of the moral, if not the civil, law, during the remote antiquity.