AMERICAN MOTORISTS INSURANCE COMPANY, a corporation, Plaintiff-Appellant,

v.

Wanda F. SHROCK, Defendant-Respondent.

No. 25122.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1969.

Application to Transfer Denied Jan. 12, 1969.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Chapman & Chapman, Nolan Chapman, Jr., Chillicothe, for plaintiff-appellant.

James P. Aylward, Jr., Charles A. Darby, Kansas City, for defendant-respondent.

CROSS, Judge.

This is an action for money had and received wherein plaintiff, American Motorists Insurance Company, undertakes to recover of its insured, defendant Wanda F. Shrock, certain "medical payments" (actually burial expenses of her deceased husband) it had previously made to her under an automobile liability policy. Pursuant to defendant's motion for summary judgment, the trial court entered judgment in defendant's favor disallowing such recovery. Plaintiff has appealed.

In a single point plaintiff charges the trial court with error "in entering judgment for the defendant and not entering judgment for the plaintiff on defendant's motion for summary judgment", and contends for restitution from defendant on the theory that she has been unjustly enriched by retaining the money it had paid her.

No genuine issue as to any material fact has been raised. The parties are in complete agreement as to what facts are before this court and control its decision. Such facts appear from the pleadings, an uncontroverted affidavit by plaintiff's counsel, and documentary exhibits filed on behalf of plaintiff, and are in substance here stated.

On October 16, 1959, plaintiff insurance company issued and delivered a policy of automobile liability insurance to defendant and her husband, Robert M. Shrock, as insureds. In addition to other coverage the policy provided for "medical payments" to a maximum of $2,000.00. On December 10, 1959, while in the employ of Wolfe Auto Sales, Inc., as an automobile salesman, and while driving the insured vehicle, defendant's husband was involved in a collision and suffered fatal injuries. On February 15, 1960, upon demand and proof of loss by defendant, plaintiff paid her and took a receipt for the sum of $1,296.55 as and for expenses of her husband's burial, as provided for by the policy's medical coverage.

On March 29, 1960, defendant filed claim for workmen's compensation death benefits against her deceased husband's employer, Wolfe Auto Sales, Inc. The claim was prosecuted to a successful conclusion in

that on July 16, 1962, the Supreme Court affirmed a judgment of the Clay County Circuit Court which affirmed a final award of benefits to defendant by the Industrial Commission in the sum of $15,500.00. Final payment to defendant under the award was made May 16, 1966.

On July 30, 1962, following the affirmance of the award by the Supreme Court on July 16, 1962, plaintiff made written demand upon defendant that she return the $1,296.55 it had paid her, together with interest, and renewed such demand on July 23, 1966, after defendant had received her final weekly payment of benefits under the compensation award. These demands were refused by defendant. Thereafter, and on August 3, 1966, this action was filed. In its petition plaintiff alleges that defendant was not rightfully entitled to the medical benefits it had paid her and that she should now refund them, because the following quoted policy exclusion exempted plaintiff from liability:

"COVERAGE C—Medical Payments * * *

"Exclusions

"This policy does not apply under Part II to bodily injury:

\* \* \* \* \* \*

(d) sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and *if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law*; \* \* \*" (Italics used for emphasis).

Claiming entitlement to restitution, plaintiff argues to the effect that at the time it paid defendant her husband's burial expenses, it was under legal contractual obligation to do so; that the quoted exclusion had no operative effect prior to the final legal adjudication that workmen's compensation benefits were payable to defendant; but that from and after that adjudication the exclusion was effective, retro-actively, so as to relieve plaintiff from any obligation under the medical provision of the policy. Consequently, says plaintiff, defendant holds money received from plaintiff "which in equity and good conscience should be returned."

■ It is apparent from plaintiff's argument, as well as from the facts established in the record, that plaintiff paid defendant the policy benefits under a misconception of its legal duty—that is, under a mistaken belief that workmen's compensation benefits for defendant were not "payable" or "required to be provided", and that consequently the exception in question did not operate to relieve it from liability under all the circumstances then existing. That conclusion was necessarily reached either *with full knowledge of all the facts* pertaining to its liability under the insuring clause, and any relief therefrom afforded by the exemption clause—or at least *with unlimited opportunity to so inform itself.* Therefore, plaintiff's misconception of its policy obligation may not be considered to have been a *mistake of fact,* but instead, must be regarded as a *mistake of law.* "A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect." 70 C.J.S. Payment § 156 c, p. 366.

The rule of law is well settled that where money has been voluntarily paid with full knowledge of the facts it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying—which is to say, under a mistake of law. See 53 A.L.R. 949, Annotation—Payment—Mistake as to Legal Rights, and Missouri cases there cited.

As stated in 40 Am.Jur., Payment, Sec. 157, pp. 820, 821: "It is a universally recognized rule that money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered

back on the ground that the claim was illegal, or that there was no liability to pay in the first instance. This is true even though the payor makes the payment and expressly reserves his right to litigate his claim, or under protest, or under the impression that the demand was legal." Missouri courts have uniformly followed that rule [1] since 1868 when the Supreme Court first applied it in Claflin v. McDonough, 33 Mo. 412, stating: "The rule of law is well established, both in England and in this country, that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest." With specific reference to the law of insurance, it is considered by standard authority that payment by the insurer, with knowledge of facts to support a policy defense, amounts to a *waiver* of its right to rely thereupon or to recover the payment made. 16A Appleman, Insurance Law and Practice, § 9366, p. 826.

Plaintiff has not undertaken to dispute or contravene the principles of law hereinabove noted, either by cited case, text authority or argument. Plaintiff argues that equity should intervene in its favor and require defendant to return the money because "in equity and good conscience (it) should be returned." We reject that proposition because the rule of law that there can be no recovery of money voluntarily paid with full factual knowledge is founded upon and incorporates within itself the very principles of equity plaintiff insists should govern our decision. In evolving the rule the courts have laid down the requirement that if a person would resist an unjust demand he must do so at the threshold of the matter; that if he intends to litigate the question he must make his defense in the first instance—not later, after paying the money and biding the course of uncertain future events. The underlying reason for those requirements is that it would be inequitable to give such person the privilege of selecting his own time and convenience for litigation short of the bar of the statute of limitations, and thereby subject the payee to the uncertainties and casualties of human affairs likely to affect his means of defending the claim. See 40 Am.Jur., Payment, Sec. 158, pp. 822–3; 167 A.L.R. 470, l. c. 478, Annotation, Insurance Paid Under Mistake. The most lucid rationale for the rule that has come to our attention is found in an early English case, Brisbane v. Dacres, 5 Taunt 143, 128 Eng. Reprint 641. The following quoted portion vividly depicts the inequity that would result from restitution required under circumstances corresponding to those shown to exist in this case:

"I think that, by submitting to the demand, he that pays the money gives it to the person to whom he pays it, and makes it his, and closes the transaction between them. He who receives it has a right to consider it as his without dispute,—he spends it in confidence that it is his; and it would be most mischievous and unjust if he who has acquiesced in the right by such voluntary payment should be at liberty, at any time within the Statute of Limitations, to rip up the matter and recover back the money. He who received it is not in the same condition; he has spent it in the confidence it was

1. Staples v. O'Reilly, Mo.App., 288 S.W. 2d 670; National Enameling & Stamping Co. v. City of St. Louis, 328 Mo. 648, 40 S.W.2d 593; Baldwin v. Scott County Milling Co., 343 Mo. 915, 122 S.W.2d 890, 895(6), reversed on another ground 307 U.S. 478, 59 S.Ct. 943, 83 L.Ed. 1409, rehearing denied 308 U.S. 631, 60 S.Ct. 65, 84 L.Ed. 526; Ferguson v. Butler County, 297 Mo. 20, 247 S.W. 795, 796(2), 26 A.L.R. 1519;

American Brewing Co. v. City of St. Louis, 187 Mo. 367, 86 S.W. 129, 131; Claflin v. McDonough, 33 Mo. 412, 415; R. S. Jacobs Banking Co. v. Federal Reserve Bank, Mo.App., 34 S.W.2d 173, 183(3); Columbia Building & Loan Ass'n v. Gill, Mo.App., 285 S.W. 181, 182 (4); Pritchard v. People's Bank of Holcomb, 198 Mo.App. 597, 200 S.W. 665, 666(1).

his, and perhaps has no means of repayment."

In this case plaintiff has not done strict equity in its transaction with defendant. Consequently plaintiff is not entitled to invoke principles of equity to repudiate its irrevocable waiver of the policy defense, and recoup what it has voluntarily paid. We so rule.

This ruling is supported by a Pennsylvania decision which involved essential facts identical to those in this case. In Todd v. Travelers Insurance Company (1949) 71 Pa.Dist. & Co.R. 98,[1] Todd was insured by Travelers under a group accident and sickness policy which specifically excluded liability for accidents entitling the insured to workmen's compensation benefits. During the policy term, Todd accidentally fell from the roof of his employer's building while engaged in a ball-game during a rest period and suffered injuries. Thereafter Travelers paid Todd weekly accident benefits for a period of time under the belief his accident was not one that entitled him to receive workmen's compensation benefits. Later Todd successfully prosecuted a claim for and was paid workmen's compensation benefits. Travelers sought restitution of the benefits it had mistakenly paid Todd. The Pennsylvania court denied that relief for the same reasons we do so in this case. The court there said:

> "The mistake of defendant was obviously a mistake of law. It concluded, with full knowledge of the facts, that there was liability under its policy and made payments accordingly. Money deliberately and voluntarily paid under a contract, with knowledge or means of knowledge of the material facts and without fraud or duress, even though paid under a mistake of law as to the interpretation of a contract, cannot be recovered: William Sellers & Co., Inc. v. Clarke-Harrison, Inc., et al., 354 Pa. 109 [46 A.2d 497].

\* \* \* \* \* \*

> "That plaintiff has been enriched at the expense of defendant cannot be disputed. Since it is clear that this enrichment was due to a mistake in law, there can be no recovery. A person who, induced thereto solely by a mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution: A.L. I., Restatement of the Law of Restitution, Sec. 45."

Plaintiff briefs sub-points submitting (a) that there has been no misdirection or misrepresentation by plaintiff giving rise to estoppel from asserting policy defenses, (b) that plaintiff had not waived its right to rely on the policy exclusion, and (c) that plaintiff's cause of action was not barred by the five year statute of limitations, Sec. 516.120 V.A.M.S., which defendant had pleaded in her answer as an affirmative defense. It may be conceded, without any effect whatsoever on the result we have reached, that there is no showing of misdirection or misrepresentation by plaintiff (or, for that matter, by defendant). Plaintiff's disclaimer of "waiver" has been answered by what we have said above in deciding this case. And, whether plaintiff's suit was brought within or beyond the period of statutory limitation is a question that needs no decision. Since plaintiff had no valid cause of action, defendant was entitled to prevail regardless of the time suit was filed.

The judgment is affirmed.

All concur.

---

1. Cited in 46 C.J.S. Insurance § 1203, 1969 pocket part, p. 28, note 14. Also in 3 Appleman, Insurance Law and Practice, § 1674, p. 493, note 4.