SENTRY INSURANCE, Respondent,

v.

David KNOX, et al., Appellants.

No. WD 73939.

Missouri Court of Appeals, Western District.

Dec. 20, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2012.

Application for Transfer Denied April 3, 2012.

James Sanders, Kansas City, MO, Aaron Schwartz, Overland Park, KS, for Appellant.

Bryan Groh, Jessica Beever Kansas City, MO, for Respondent.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

David Knox, Laurie Sheppard, and State Farm Mutual Automobile Insurance Company[1] appeal the circuit court's grant of summary judgment to Sentry Insurance[2] on Sentry's petition for declaratory judgment. Sentry's petition had requested a declaration that an insurance policy Sentry issued to Knox provided no liability coverage for damages Knox caused in an automobile collision. Knox asserts three points on appeal. First, Knox contends that the court erred in granting Sentry summary judgment because the "non-owned automobile" policy Sentry issued Knox insured Knox for the vehicle he was driving at the time of the collision. Second, Knox contends that the court erred in granting summary judgment against State Farm and Sheppard because, in violation of Missouri Supreme Court Rule 74.04, Sentry relied on hearsay to support its motion for summary judgment. Finally, Knox contends that the circuit court erred in granting summary judgment because Sentry failed to prove the non-viability of Knox's affirmative defenses of waiver and estoppel. We reverse and remand.

On appeal from summary judgment, we view the record in the light most favorable

---

1. For the ease of the reader, and because the facts of this case center around an insurance policy procured by David Knox, we hereinafter refer to all the named appellants collectively as "Knox."

2. While it appears that Sentry Insurance was granted leave to amend its petition by inter-lineation to change the name of Sentry Insurance to Viking Insurance Company of Wisconsin, because the court's final order named Sentry Insurance as Plaintiff and this appeal identifies Sentry Insurance as Respondent, we reference Respondent as "Sentry Insurance" or "Sentry."

to the party against whom judgment was entered, and afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Here, the record reflects that Knox purchased a "non-owner's insurance policy" from Sentry Insurance for the sole purpose of insuring a 1995 Pontiac Trans Sport Van that he occasionally borrowed from its owner, Lois Malone. Malone stipulated that Knox's use of the van was contingent upon Knox's acquisition of liability insurance. Knox complied and purchased a "non-owners" insurance policy for liability coverage. When Knox purchased the policy, Knox supplied Sentry with the vehicle identification number of Malone's van.

On September 23, 2008, while driving Malone's borrowed van, Knox collided with a vehicle driven by Louis Slaughter. The collision caused property damage to Slaughter's vehicle and alleged personal injuries to Slaughter's passenger, Laurie Sheppard.[3] Knox's "non-owner's" insurance policy was in effect at the time of the collision, and Sentry initially accepted the claim as compensable. Sentry paid $5,071.01 to State Farm Insurance, as subrogee of Louis Slaughter, for the property damage to Slaughter's vehicle. In March of 2010, nearly a year and a half after the collision, Sentry procured an examination under oath of Knox. Thereafter, Sentry filed a petition for declaratory judgment alleging that, per Knox's statements in his examination, the 1995 Pontiac Trans Sport van that Knox was driving at the time of the accident was available for Knox's "regular use" and, therefore, not covered under the policy. Sentry alleged that Knox admitted having "unrestricted" access to Malone's van and using it "two to three times per week for an undetermined period of time." Sentry concluded that Knox, therefore, had "regular use" of the vehicle, thereby breaching and voiding his "non-owned automobile" policy that defines a "non-owned car" as a car "not available for regular use." Sentry asked the court to absolve Sentry of liability for loss resulting from Knox's collision and requested "recovery, recoupment and/or set off of all sums paid."

Knox disagreed. Knox contended that Sentry's policy of insurance insured him for liabilities incurred in the collision and that Malone's van was not available for his regular use. Additionally, Knox affirmatively pled waiver and estoppel and alleged that Sentry had already agreed to pay damages for which Knox was liable pursuant to the policy. Thereafter, Sentry filed a motion for summary judgment alleging undisputed material facts and entitlement to judgment as a matter of law. In its motion, Sentry compared Knox's use of Malone's van with factors the Missouri courts have considered when defining "regular or frequent use" per "non-owned automobile" clauses within primary vehicle insurance policies.[4] Upon application of the factors, Sentry contended that Malone's van was available for Knox's "regular use" and that Knox's policy was void. Knox disagreed and denied facts, and/or Sentry's characterization of facts, that Sentry claimed to be undisputed. Knox additionally charged that, when he purchased the insurance policy he fully ex-

---

**3.** On the date of the collision, Louis Slaughter and Laurie Sheppard had uninsured motorist coverage through State Farm Insurance Company. State Farm moved to intervene upon notice of Sentry's petition for declaratory judgment against Knox, on the grounds that Sentry's denial of coverage to Knox might trigger State Farm's uninsured motorist policy obligations.

**4.** *Farmers Insurance Co. v. Morris*, 541 S.W.2d 66 (Mo.App.1976).

plained his use of Malone's van to Sentry and that Sentry sold him a policy of insurance to cover Malone's van.

On May 12, 2011, the circuit court granted Sentry's motion for summary judgment without comment. Knox appeals. As Knox's point three is dispositive, discussion of points one and two is unnecessary. In point three, Knox contends that the circuit court erred in granting summary judgment to Sentry because Sentry failed to prove the non-viability of Knox's affirmative defenses of waiver and estoppel. We agree.

When considering an appeal from summary judgment, we review the circuit court's grant of summary judgment *de novo. ITT,* 854 S.W.2d at 376. "The propriety of summary judgment is purely an issue of law." *Id.* We will affirm the circuit court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

■ Here, Sentry accepted Knox's collision as compensable and paid the property damage claim. Thereafter, Sentry filed a petition for declaratory judgment requesting, among other things, recovery of sums paid. In his answer, Knox raised the affirmative defenses of waiver and estoppel, alleging that Sentry waived the right to deny coverage based upon "prior acts or inactions in investigating and adjusting claims." Thereafter, Sentry moved for summary judgment but did not address Knox's affirmative defenses. In response to Sentry's motion for summary judgment, Knox noted Sentry's failure to negate his affirmative defenses. Knox contended that "Sentry intentionally relinquished a known right by accepting Mr. Knox's claim as compensable and providing a defense to Mr. Knox.... By doing so, [Sentry] has acted inconsistently with any right that it may have had to deny coverage." Knox

charged that Sentry failed to "make the slightest effort to defeat any of the elements of this affirmative defense" and, therefore, "summary judgment must be denied." Sentry never addressed these allegations.

When an affirmative defense has been raised, "'a claimant's right to judgment depends just as much on the non-viability of that affirmative defense as it does on the viability of the claimant's claim.'" *Central Mo. Elec. Co-op. v. Wayne,* 18 S.W.3d 46, 53 (Mo.App.2000) (quoting *ITT Commercial Finance Corp.,* 854 S.W.2d at 381). A claimant moving for summary judgment in the face of an affirmative defense must establish that the affirmative defense fails as a matter of law. *Id.* Failure by the claimant to defeat affirmative defenses results in a continuing dispute as to material facts. *Id.* When genuine issues of material fact exist, the moving party is not entitled to summary judgment. *Id.*

■ Knox's affirmative defenses raised genuine issues. "The rule of law is well settled that where money has been voluntarily paid with full knowledge of the facts it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying...." *Am. Motorists Ins., Co. v. Shrock,* 447 S.W.2d 809, 811 (Mo.App.1969). This "voluntary payment doctrine" applies to having full knowledge of the facts *or* having an unlimited opportunity to become informed of the facts. *Id.* "[W]here there is a duty to use diligence, those facts which diligence will discover are presumed to be known under the law of notice." *State ex rel. Bell v. Yates,* 231 Mo. 276, 132 S.W. 672, 676 (1910).

On appeal, Sentry contends that Knox's affirmative defenses fail because the nature and extent of Knox's use of the van were not known by Sentry until Knox's

examination under oath. Sentry maintains that waiver can only be founded upon intentional relinquishment of a known right or failure by an insurer to rescind or cancel coverage promptly on the discovery of the facts from which the known right arises. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386–87 (Mo. banc 1989) (citations omitted); *Walters Auto Body Shop, Inc. v. Farmers Ins. Co., Inc.*, 829 S.W.2d 637, 641 (Mo.App.1992). Sentry argues the impossibility of waiver because Sentry only gained notice of its right to deny coverage after Knox's examination under oath. Sentry states that, after receiving notice, Sentry promptly filed a petition for declaratory judgment.

■ Sentry argues in the wrong forum. Sentry had an obligation, at the trial court and prior to summary judgment, to disprove Knox's affirmative defenses. While Sentry asserts the impossibility of waiver because payment was made without full knowledge of the facts, belated discovery of facts does not necessarily prove lack of waiver. Knowledge may be imputed where diligence is lacking. Here, Sentry's denial of liability and request for recovery of expenditures emanates from an examination under oath that Sentry conducted a year and a half after Knox's collision. Whether Sentry waived its rights, or demonstrated due diligence so as to overcome Knox's allegations of waiver, are questions of fact not within our province to entertain. The grant of summary judgment to Sentry, without Sentry having refuted Knox's affirmative defenses, robbed Knox of his right to fully address and defend his claims and left material facts in dispute. Knox's third point on appeal is granted, and we reverse the judgment of the circuit court.

Although not argued to the trial court or addressed by either Knox or Sentry on appeal, we note the following as it may be instructive on remand. It is uncontested that Knox owned no vehicle of his own and the policy Knox purchased was to cover the use of a non-owned vehicle. All cases cited by Sentry, to support denial of coverage, address non-owned automobile clauses within policies designed to cover owned, primary vehicles. No case cited by Sentry, to support denial of coverage, addresses what Sentry admits Knox purchased—a "non-owner's" *policy,* not a non-owner's *clause* within an *owner's* policy.

The Missouri Supreme Court in *Karscig v. McConville* stated that "where a person buys a policy for a vehicle [he] does not own, that policy is an operator's policy." 303 S.W.3d 499, 503 n. 7 (Mo. banc 2010). In *Karscig,* an insurance company attempted to deny liability coverage because the non-owned vehicle alleged to be covered under the policy was, among other things, available for the driver's "regular use." *Id.* at 503. The circuit court granted summary judgment in favor of the insurance company, and the Supreme Court reversed. *Id.* at 505. Although the Supreme Court found that the plain language of the insurance policy unambiguously excluded coverage because, in part, the vehicle was available for the driver's "regular use," the court found the exclusions to be in conflict with Missouri's Motor Vehicle Financial Responsibility Law and therefore inapplicable. *Id.* at 503; § 303.190.3, RSMo 2000. The court held that, per Missouri's Motor Vehicle Financial Responsibility Law, an "operator's policy" must insure against liability arising from the use of any motor vehicle *not owned by* the policy holder. *Id.* at 504. Given our disposition of Knox's third point, we need not address this issue. Nevertheless, in light of the undisputed fact that the insurance policy at issue was intended to cover a vehicle Knox did not own, we invite the court on remand to consider the impact of

the *Karscig* holding on the remaining disputed issues in this case.

We, therefore, conclude that the circuit court erred in granting Sentry's motion for summary judgment because Sentry failed to controvert Knox's affirmative defenses. We reverse the judgment of the circuit court and remand for a hearing on the merits.

All concur.