TEACHERS CREDIT UNION, a Missouri Corporation, Plaintiff-Appellant,

v.

Bill E. OLDS, a/k/a Ray E. Olds, Jr., Defendant-Respondent.

No. KCD 28698.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

Jorge A. Elliott, Kansas City, for plaintiff-appellant.

No brief filed for defendant-respondent.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Teachers Credit Union brought suit against Bill Olds to recover $2,895 which the Union alleged was paid to Olds in such manner that Olds was unjustly enriched because he had no right to receive such sum.

At the conclusion of the Union's evidence presented to a jury, the court sustained Olds' motion for a directed verdict. On this appeal the Union raises the single point that the court erred in sustaining this motion because its evidence showed Olds was unjustly enriched at the Union's expense. Reversed and remanded.

While the Union filed a three-count petition against Olds, the only point raised on this appeal concerns the fact the Union made a submissible case on a showing of unjust enrichment to Olds. This is construed to fall under the doctrine of money had and received. No mention is made as to the other two counts in the Union's petition and no opinion is expressed herein concerning those. Olds has not filed a brief.

The Union's evidence disclosed Bill Olds' wife, Myrna, went to the Credit Union office after she and Olds began having marital difficulties. Mrs. Olds was a principal in an elementary school. She had an account with the Credit Union which was listed in her name with Olds as joint owner, and there was a second account in the name of Olds on which Myrna was listed as a joint owner. On June 3, 1972, Myrna withdrew $1,950 from the account in which Olds was listed as the owner and deposited this amount in her account. At the same time she had Olds' name taken off her account as a joint owner and was assured this meant Olds could not withdraw any money from her account.

Myrna testified that on June 6 she told Olds she had withdrawn all but $50 from his account. On the next day, Olds went to the Credit Union office and requested a withdrawal of $2,895. The Credit Union employee who handled this transaction did not notice the change in the ownership of Myrna's account and paid Olds the requested amount from Myrna's account.

When it was discovered Olds had been paid from Myrna's account on which Olds had been removed as a joint owner, the Credit Union credited Myrna with the $2,895 paid to Olds and began its efforts to recover this amount from Olds.

■ In testing the evidence adduced by the Union to determine if a submissible case has been made, the Union is entitled to the most favorable view of all the evidence and must be given the benefit of all favorable inferences to be drawn therefrom. *Boyle v. Colonial Life Ins. Co. of America,* 525 S.W.2d 811 (Mo.App.1975).

The rule as to the essential facts necessary to a recovery for money had and received is stated in *Webster v. Sterling Finance Co.,* 351 Mo. 754, 173 S.W.2d 928, 931[4–6] (1943). There the court stated:

"The action for money had and received has always been one favored in the law, and the tendency is to widen its scope; it being a flexible form of action, levying tribute on equitable, as well as strictly legal, doctrines; so that, it has become axiomatic that the action lies where 'the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff.'" *Clifford Banking Co. v. Donovan Commission Co.,* 195 Mo. 262, 94 S.W. 527, 535.

Applying this rule to the facts in this case it is apparent Olds obtained money from the Credit Union. The remaining requirement is that in equity and good conscience Olds should pay that money back to the Union.

This court had a similar situation in *Handly v. Lyons,* 475 S.W.2d 451 (Mo.App. 1971). In that case an executor sent a request for payment of a life insurance policy to the company after he had received notice the deceased had changed the beneficiary on his policy from his estate to certain relatives. This court stated:

Under all standards of fair dealing and conscionable conduct he should have divulged to Metropolitan the information he had received from the Postmaster in-

stead of remaining silent and making his own claim. By so concealing and suppressing material fact he must be held guilty of constructive fraud—certainly inequitable conduct. 475 S.W.2d 464.

█ In this case Olds had full knowledge his wife had withdrawn all the money in his account except $50 and had placed it in her account. A jury was entitled to infer from this that Olds knew his wife was taking steps to place all of the money she could in an account which Olds could not reach in view of their marital difficulties. Thus when Olds presented himself at the Credit Union office and requested the withdrawal of $2,895, he knew there was only $50 in his own account and he had good reason to believe there was not enough money in any other account which he would be entitled to withdraw. By making his request to withdraw more than was in his account without making any mention of the change he knew his wife had made in the account, Olds was guilty of constructive fraud, or at the very least, inequitable conduct. Thus the evidence adduced by the Union fully met the requirement to recover under the theory of money had and received. It showed Olds received the money and showed in equity and good conscience Olds should return the money to the Credit Union.

The verdict was erroneously directed against the Credit Union and the judgment is reversed and the cause is remanded for a new trial.

All concur.