STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Plaintiff-Respondent,

v.

William SABOURIN,
Defendant-Appellant.

No. 40044.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 3, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1978.

Louis S. Czech, Clayton, for defendant-appellant.

Ben Ely, Jr., Amy R. Reichman, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Suit by plaintiff State Farm Mutual Automobile Insurance Company (State Farm) to recover the amount paid on a claim filed by William Sabourin, defendant, on the ground that payment was made under a mutual mistake of fact. Sabourin appeals the judgment of the Circuit Court of St. Louis County awarding State Farm the $10,000 it had paid on the claim with no allowance for attorney fees. We affirm the judgment.

The parties stipulated to a short statement of facts. Sabourin, while a pedestrian, was struck and injured by an automobile driven by R. J. Eidson on September 9, 1972. He filed a claim with State Farm under the uninsured motorist provision of his automobile policy. At that time, defendant Sabourin believed Eidson to have been an uninsured motorist. On February 22, 1974, State Farm paid Sabourin the policy limits of its uninsured motorist coverage, $10,000. At the time of the payment, State Farm believed that Eidson was an uninsured motorist. In exchange for this payment Sabourin executed a release and trust agreement in which he assigned to State Farm the proceeds of any settlement with those liable for his injuries.

Sabourin filed suit in circuit court against Eidson. On January 24, 1975, a federal district court decided in the case of Eidson v. The Travelers Indemnity Company that Eidson did have in effect an automobile liability policy at the time of the accident. Thereafter, Travelers agreed to a settlement of $55,000 of Sabourin's claim against Eidson in the circuit court. Sabourin's attorney charged a fee of one-third on both the $10,000 payment and the $55,000 settlement. State Farm now seeks restitution of the $10,000 payment on a mistake of fact theory.

We note that State Farm chose to proceed under a theory of mistake and to abandon its subrogation rights. It could have brought this action under its release and trust agreement, which is commonly used to advantage § 379.203-4, RSMo Supp.1975. *See State ex rel. Manchester Insurance &*

*Indemnity Co. v. Moss,* 522 S.W.2d 772, 774 (Mo.banc 1975).

There is no question but that State Farm acted under a mistake when it paid the policy limit of Sabourin's uninsured motorist coverage. A mistake in this context is "a state of mind not in accord with the facts." Restatement of Restitution, § 6 (1937). It was stipulated that the state of mind of State Farm at the time of payment was that Eidson did not have in effect a policy of automobile liability insurance. The focus of the disagreement goes to whether the recognized "mistake" of State Farm was one of law or of fact. This will be our starting point.

Sabourin contends that if an insurance company makes payment under its policy upon misapprehension of its legal duty to pay, and it has no such duty, it thus creates a mistake of law, and equity will not grant relief for such mistake.

 It has long been recognized, however, that an insurer who pays a claim under an erroneous belief induced by a mistake of fact that it was obligated to do so may recover the payment unless the insured has so changed his position that it would be unjust to require restitution. *Columbus Insurance Co. v. Walsh,* 18 Mo. 229, 236 (1853); Restatement of Restitution, § 18 (1937); 167 A.L.R. 470, 472 (1947); 44 Am. Jur.2d, Insurance, § 1806 (1969); J. Appleman, Insurance Law and Practice, § 1674 (1967).

 The mistake of State Farm was one of fact, and there are no existing circumstances which would make it inequitable to require return of the payment. The Restatement of Restitution, § 7 defines a "mistake of fact" as "any mistake except a mistake of law." A "mistake of law" is defined as "a mistake as to the legal consequences of an assumed state of facts." Nothing in the stipulation of facts hints that State Farm had any reason to suspect that Eidson was insured, but rather shows that the company affirmatively believed that Eidson did not have a policy of liability insurance.

In *Columbus Insurance Co., supra,* as here, the company was unaware of the existence of a second insurance policy which relieved it from obligation. On the company's action to recover the payment the court held that where money had been paid under mistaken facts, which had the true facts been known would have barred recovery, it can be recovered. *See also, Commercial Union Insurance Co. v. Farmers Mutual Fire Insurance Co.,* 457 S.W.2d 224, 226 (Mo.App.1970). On similar facts where the insurance company paid a claim in ignorance of a second fire policy the court in *Yeargin v. Farmers Mutual Insurance Ass'n.,* 142 Ga.App. 76, 234 S.E.2d 856, 857 (1977) held that the insurance company "was not possessed of all facts, and misplaced its confidence in the validity of the claim. Under these facts, it was entitled to demand return of its erroneous payment."

Sabourin relies heavily on *American Motorist Insurance Co. v. Shrock,* 447 S.W.2d 809, 811 (Mo.App.1969), where the company misinterpreted the legal effect of its own policy provision with full knowledge of the facts and misconstrued an applicable state law. We do not believe that the holding in this case is controlling.

In *Handly v. Lyons,* 475 S.W.2d 451 (Mo. App.1971), the company paid the wrong party on a life insurance policy. The court held that the insurance company was entitled to reimbursement from the party to whom they erroneously paid. This court opined that the decision in *Shrock,* denying restitution, "was bottomed essentially on the rationale that the widow was not in the same condition as when she received the payment." In *Handly,* the court granted restitution despite the existence of a mistake because the payee against whom restitution was sought induced the mistake by inequitable conduct.

The trend in Missouri is to give greater weight to the competing equities of a dispute even in situations when the mistake is clearly one of law.

In this case the equities clearly favor State Farm. Sabourin's position has not been so changed in reliance on retention of

the payment that it would be inequitable to require return of the money.

 Sabourin next claims that even if State Farm is entitled to restitution of the money the amount returned should be subject to a set off for expenses incurred, including attorney fees, because he "recovered" the $10,000 for State Farm. He argues that one who creates or increases a trust for another person "is entitled to reimbursement for the reasonable costs incurred therein."

Sabourin's argument is based on the assumption that the $10,000 payment constitutes a trust fund which was either created, increased, recovered or preserved by Sabourin. While citing authority for the proposition that such a fund may be charged with costs and expenses, no authority is cited to establish that the payment in fact constituted a trust.

 *Appleman,* § 1674, *supra,* specifically states that erroneous payment of a claim does not establish a trust relationship in favor of such fund. The action is for restitution of a specific payment made under mistake of fact. Sabourin's action against Eidson neither created nor recovered the $10,000. Attorney fees and expenses may be awarded if explicitly provided for by statute or contract or, in some cases, when equity requires or when a party has created a fund from which others will share. *Bolin v. Anders,* 559 S.W.2d 235, 247 (Mo.App. 1977). The claim for attorney fees is denied.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.