Jeanne B. Woods GLOVER, Appellee,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Appellant,

Roberta R. Woods, Appellee.

Nos. 80–2011, 80–2043.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1981.

Decided Dec. 2, 1981.

Rehearing Denied Jan. 8, 1982.

Order on Denial of Rehearing Feb. 8, 1982.

Paul W. Kopsky, Michael J. Doster, argued, Chesterfield, Mo., for defendant-appellee Roberta R. Woods.

P. Terence Crebs, argued, Walter O. Theiss, St. Louis, Mo., for defendant-appellant Metropolitan Life Ins. Co.

Before BRIGHT, HENLEY, and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

This case was brought to determine who owns the proceeds of a policy of insurance on the life of Robert Woods. Mr. Woods, an employee of Interco, Inc., took out a policy of group life insurance and originally designated his wife, Jeanne B. Woods, now Mrs. Glover, as the beneficiary. After Mr. Woods and his first wife, who is the plaintiff in this case, were divorced, Mr. Woods married again, this time to Roberta R. Woods, one of the defendants. When Mr. Woods died, the insurer, Metropolitan Life Insurance Company, the other defendant in this case, paid the policy proceeds to Mrs. Woods, the second wife. Mrs. Glover then brought this action, claiming that she was entitled to the insurance proceeds by reason of a property settlement agreement entered into at the time of the divorce. The District Court, interpreting the property settlement agreement, held for Mrs. Glover against Metropolitan. The Court found it unnecessary to discuss Mrs. Glover's alternative claim that Mrs. Woods should turn over to her the money previously received by Mrs. Woods from Metropolitan.

In the meantime, Metropolitan had filed a cross-claim against Mrs. Woods, asserting that, if it should be held liable to Mrs. Glover, it should be reimbursed by Mrs. Woods in the amount that had been paid over to her, some $116,000. The District Court held that the payment had been made under a mistake of law, rather than a mistake of fact, and dismissed Metropolitan's cross-claim. As a result, Metropolitan has in effect paid the sum due under this policy of insurance twice. Metropolitan appeals, asking this Court either to hold that Mrs. Glover was not entitled to the money, or to enter judgment directing Mrs. Woods to return the payment that Metropolitan has made to her.

Joan Isserman, argued, Shepherd, Sandberg & Phoenix, A Professional Corp., John S. Sandberg, St. Louis, Mo., for appellee Jeanne B. Woods Glover.

We affirm the District Court's decision that Mrs. Glover was the true beneficiary, but reverse the dismissal of Metropolitan's cross-claim against Mrs. Woods.

## I.

Mr. Woods was employed by Interco, formerly known as International Shoe Co., from August 15, 1964, until his death on February 2, 1978. On October 26, 1964, he enrolled in a group life-insurance plan which his company had with Metropolitan. The Insurance Department of Interco administered the plan and kept all pertinent records (Tr. 150–52). Mr. Woods designated his then wife, the present Mrs. Glover, as beneficiary.

Mr. Woods and Mrs. Glover were divorced on October 29, 1971. Their property settlement agreement, as construed by the District Court, provided that Mrs. Glover would remain the designated beneficiary of the life-insurance policy, and that if Interco changed the plan or issued a substitute policy, Mrs. Glover would also be the beneficiary of that substitute policy. Interco knew of the provisions of the settlement agreement, and the District Court found that Metropolitan had notice of it through Interco, which was held to be its agent for this purpose.

Mr. Woods remarried on November 8, 1971. On October 31, 1975, in violation of the agreement, he purported to designate the new Mrs. Woods as the sole beneficiary of the life-insurance policy.

Mr. Woods died on February 2, 1978, and Mrs. Woods subsequently filed a claim with Interco. Rosemarie Glueck, at the time an Interco clerk, processed the relevant documents. On February 17, 1978, she sent Metropolitan the death certificate, the group insurance certificate, the enrollment card, the 1975 beneficiary designation, and Mrs. Woods's claim form (Tr. 153–54). She did not know Mr. Woods had been previously married (Tr. 160). On February 28, 1978, acting through an agent without personal knowledge of the property settlement, Metropolitan Life sent Interco a check payable to Mrs. Woods. Interco forwarded the check to Mrs. Woods on March 2, 1978. Mrs. Woods invested the money, and the funds remain intact (Tr. 204).

## II.

■ The District Court held that in accordance with the divorce decree and the property settlement agreement, Mrs. Glover was entitled to recover from Metropolitan. The court held that the agreement gave Mrs. Glover an indefeasible contractual right to the policy proceeds. Although another construction of the agreement is possible, we agree with the District Court and affirm this portion of its ruling for the reasons stated in its opinion. *Glover v. Metropolitan Life Insurance Co.*, 499 F.Supp. 1308 (E.D.Mo.1980).

## III.

■ As noted above, Metropolitan filed a cross-claim for restitution against Mrs. Woods for an amount equal to the judgment rendered against it, if any, in favor of Mrs. Glover. Metropolitan claimed that it should not have to pay both Mrs. Woods and Mrs. Glover, and that if it had mistakenly paid Mrs. Woods, it was entitled to recover from her. The District Court focused on the question whether Metropolitan's mistaken payment to Mrs. Woods was a "mistake of law" or a "mistake of fact." "Metropolitan and its agent, Interco," the District Court said, "had in their possession information that the plaintiff [Mrs. Glover] was the beneficiary of the policy under a divorce settlement agreement." 499 F.Supp. at 1315. Metropolitan's mistake, therefore, was held to be a mistake of law (presumably a misinterpretation of the ambiguous property settlement agreement), against which, under Missouri law, no relief by way of restitution is available. We normally defer to the district courts on such questions. In this case, however, our reading of the Missouri cases has led us to the firm conviction that the courts of Missouri would not subject Metropolitan to double liability in the circumstances shown here.

There is language in the books that the courts will not grant relief against a mistake of law. The Missouri courts have indicated, however, that the rule is harsh and should be abandoned when independent equitable considerations warrant. See *State Farm Mutual Automobile Insurance Co. v. Sabourin*, 574 S.W.2d 8 (Mo.App.1978); *Teachers Credit Union v. Olds*, 553 S.W.2d 545 (Mo.App.1977); *Handly v. Lyons*, 475 S.W.2d 451 (Mo.App.1971); but see *American Motorist Insurance Co. v. Shrock*, 447 S.W.2d 809 (Mo.App.1969). *Handly* noted that in cases of this kind " '[i]t is better to yield to the force of truth and conscience, than to any reverence for maxims.' " *Handly*, 475 S.W.2d at 462, quoting *Northrop's Executors v. Graves*, 19 Conn. 548, 554 (1849). It criticized the rule denying relief from mistakes of law, stating that "[w]hatever may be the status of the general rule, it is universally acknowledged that *equity always relieves against a mistake of law when the surrounding facts raise an*

*independent equity,* as where the mistake is induced, or is accompanied by inequitable conduct of the other party" (emphasis added). 475 S.W.2d at 462–63. *Sabourin* indicated that "[t]he trend in Missouri is to give greater weight to the competing equities of a dispute even in situations when the mistake is clearly one of law." 574 S.W.2d at 10.

This "trend" was set forth as a rule in *Olds,* 553 S.W.2d at 546:

> The rule as to the essential facts necessary to a recovery for money had and received is stated in *Webster v. Sterling Finance Co.,* 351 Mo. 754, 173 S.W.2d 928, 931[4–6] (1943). There the court stated:
>
> > "The action for money had and received has always been one favored in the law, and the tendency is to widen its scope; it being a flexible form of action, levying tribute on equitable, as well as strictly legal, doctrines; so that, it has become axiomatic that the action lies where 'the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff.'" *Clifford Banking Co. v. Donovan Commission Co.,* 195 Mo. 262, 94 S.W. 527, 535.

The Missouri courts, when weighing the equities of a case, lay great emphasis on whether or not the payee has relied on retention of the payment received. In *Sabourin* the court found for the insurance company, at least in part, because the initial payee's "position [w]as not . . . so changed in reliance on retention of the payment that it would be inequitable to require return of the money." *Sabourin,* 574 S.W.2d at 10–11. *Shrock,* on the other hand, denied restitution to the insurance company because it had made a mistake of law. *Sabourin* and *Handly,*[1] however, state that *Shrock* " 'was bottomed essentially on the rationale that the widow was not in the same condition as when she received the payment.' " *Sabourin,* 574 S.W.2d at 10, quoting *Handly,* 475 S.W.2d at 464. She had relied on the money.

In the case at hand equity favors a holding for Metropolitan and against Mrs

Woods; a holding otherwise would grant Mrs. Woods a windfall. Mrs. Woods was not entitled to the proceeds of the insurance policy. Nor has she in any way *relied* upon it, so far as this record shows. The full amount has been invested by Mrs. Woods, and the fund remains intact (Tr. 204).

The District Court took the view that Metropolitan's mistake of law could be relieved against only if the other party, here Mrs. Woods, had herself induced the mistaken payment by some inequitable conduct. No one contends that Mrs. Woods acted unfairly. She has been innocent throughout, and honestly believed, because of what her husband told her before his death, that she was the true and lawful beneficiary of the policy. The District Court relied on the passage in *Handly* quoted above, to the effect that "equity always relieves against a mistake of law when the surrounding facts raise an independent equity, as where the mistake is induced, or is accompanied by inequitable conduct of the other party." 499 F.Supp. at 1316, quoting 475 S.W.2d at 463. With deference, we believe this reading of *Handly* is too restrictive. In context, the opinion seems to us to mean, *not* that a mistake of law will be relieved against *only* when the other party has behaved inequitably, but that inequitable behavior on the part of the payee is *one ground* for relief against a mistake of law, among many possible grounds. The *Handly* opinion's copious quotations with approval from Pomeroy, Williston, and Corbin, among other authorities, see 475 S.W.2d at 462–63 & n.1, convince us that, in Missouri, "the important question is not whether the mistake was one of law or of fact, but is whether the case falls within the fundamental principle of equity that no person shall be unjustly enriched at the expense of another." *Id.* at 462.

We conclude that under the law of Missouri Mrs. Woods must return the money to Metropolitan. It is now plain that Mrs. Glover is the lawful beneficiary of the policy. Mrs. Woods has not spent the money, and she now knows, if she did not before, that the money does not, in equity and good conscience, belong to her. To make Metropolitan pay twice is tantamount to a forfeiture, which, we are told by the text writers, equity abhors. The difficulty was created

---

1. Both cases were decided after *Shrock,* and Judge Cross wrote the opinion in both *Handly* and *Shrock.* He was in a particularly good position, therefore, to explain in *Handly* what the true reason for decision had been in *Shrock.*

in the first place, not by any act on the part of Metropolitan, but by Mr. Woods's attempt to break his agreement with Mrs. Glover. And if the employee of Metropolitan who directed the payment of Mrs. Woods's claim had personally known all the facts, obviously the payment would never have been made. In all the circumstances, it would be unjust, in our view, for Mrs. Woods to keep the money. This result disappoints an expectation on her part that she had every reason to believe, at one time, to be legitimate, but to decide otherwise would be intolerably unfair to Metropolitan.

The judgment for Mrs. Glover against Metropolitan is affirmed. The judgment for Mrs. Woods against Metropolitan is reversed, and the cause is remanded for the entry of judgment in favor of Metropolitan on its cross-claim. Each party will bear her or its own costs on this appeal.

## ORDER

On December 2, 1981, this Court held, *inter alia*, that Metropolitan Life Insurance Company was entitled to restitution in the full amount ($126,000) of insurance proceeds it had paid by mistake to Roberta R. Woods. One of the premises of our decision was that the fund had been invested by Mrs. Woods and was still intact. We believed that Mrs. Woods had not detrimentally changed her position in reliance on her receipt of the payment in dispute.

Mrs. Woods has petitioned for rehearing and, in the alternative, for modification of our opinion and judgment. The petition for rehearing is denied. In support of her request for modification, Mrs. Woods asserts for the first time (to our knowledge) that the fund is not intact, and that in fact it has been depleted to some extent, at least partly because of decrease in the value of some investments made by Mrs. Woods's broker. Metropolitan replies that some of the decrease appears not to be due to market conditions, and questions the credibility of certain factual assertions made in the alternative request for modification.

We have decided to modify our prior opinion and judgment, but only to the extent of permitting the District Court, on remand, to inquire into the propriety of Mrs. Woods's position that the judgment against her should be reduced. Our affirmance of the judgment in favor of Mrs. Glover and against Metropolitan is undisturbed. The judgment in favor of Mrs. Woods and against Metropolitan is reversed. The cause is remanded to the District Court, with directions to determine the extent to which the fund in the hands of Mrs. Woods has been depleted, the reasons for the decrease in value of the fund, and whether Metropolitan's entitlement to restitution should be reduced under Missouri law as we construed it in our first opinion. The District Court may of course take evidence on any disputed issues of fact.

It is so ordered.