Jeanne B. Woods GLOVER, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY and Roberta R. Woods, Defendants.

No. 78–625C(A).

United States District Court, E. D. Missouri, E. D.

July 23, 1982.

Michael J. Doster, Kopsky & Doster, Chesterfield, Mo., for plaintiff.

P. Terence Crebs, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, District Judge.

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. In *Glover v. Metropolitan Life Ins. Co., et al.*, 499 F.Supp. 1308 (E.D.Mo. 1980), this Court found that under a divorce decree and property settlement, plaintiff, Jeanne B. Woods Glover, was entitled to recover $116,000.00, representing the proceeds of a group life insurance policy of International Shoe Company carried through Metropolitan Life Insurance Company (hereinafter referred to as Metropolitan), covering plaintiff's ex-husband, Robert W. Woods, at his death. Plaintiff also recovered pre-judgment interest.

This Court also found that Metropolitan had wrongfully, and with knowledge of the divorce decree and property settlement and the provisions relevant to the life insurance policy, paid the insurance proceeds to Mrs. Woods. The Court found that Mrs. Woods had in no way induced the payment and that Metropolitan having knowledge of the factual situation could not ask equity to relieve against its self-created plight. Therefore, the Court found against Metropolitan on its crossclaim against Mrs. Woods for indemnification and reimbursement by Mrs. Woods to the extent of any judgment rendered against Metropolitan and in favor of Mrs. Glover.

The Eighth Circuit affirmed the judgment for Mrs. Glover against Metropolitan. The judgment for Mrs. Woods against Metropolitan was reversed and the cause was remanded for the entry of judgment in favor of Metropolitan on its crossclaim with each party bearing its own costs on the appeal. *Glover v. Metropolitan Life Ins. Co., et al.*, 664 F.2d 1101 (8th Cir. 1981). The mandate of the Court was subsequently modified by order dated February 8, 1982, and, in part, directed the District Court on remand to "determine the extent to which the fund (the insurance proceeds) in the hands of Mrs. Woods has been depleted, the reasons for the decrease in value of the fund, and whether Metropolitan's entitlement to restitution should be reduced under Missouri law as we construed it in our first opinion." Id. at 1105.

The issue before the Court is the amount Metropolitan is entitled to recover from Mrs. Woods under the original and modified opinions of the Court of Appeals.

On remand, at trial before the Court, the parties stipulated that the figure of $126,000.00 used in the order modifying the opinion of the Court of Appeals was in error and that the order should have stated $116,-

433.84 as the amount of insurance proceeds Metropolitan had paid by mistake to Roberta R. Woods. The parties also stipulated that on March 2, 1978, Metropolitan paid to Mrs. Woods $116,433.84, which Mrs. Woods then deposited into a securities account she maintained through the Minneapolis office of Merrill Lynch, Pierce, Fenner & Smith, Inc. The insurance proceeds were commingled with other funds already in the account which totalled $74,585.15. The commingled fund totalled $191,018.99. The insurance proceeds represented sixty-one percent (61%) of the commingled fund. Since the date the proceeds were deposited in the securities account, the commingled fund has generated $49,003.13 in income and has suffered $26,707.88 in losses. Thus, the proportionate share (61%) of the income attributable to the insurance proceeds is $29,891.90 and the proportionate share (61%) of the losses is $16,291.81.

Metropolitan argues that the Court of Appeals unequivocally ordered that the cause be "remanded for the entry of judgment in favor of Metropolitan on its crossclaim." *Glover v. Metropolitan Life Ins. Co.*, supra 1105. Since the crossclaim demanded indemnification by Mrs. Woods to the extent of any judgment rendered against it in favor of the plaintiff, Mrs. Glover, Metropolitan demands a judgment totalling the amount paid to Mrs. Woods, plus pre-judgment interest from the date of the wrongful payment ($151,400.00), minus a proportionate share of the losses that the investment suffered ($16,291.81), a total of $135,108.19. In the alternative, Metropolitan asks that a constructive trust be placed on the amount received, plus sixty-one percent (61%) of the profits ($29,891.90), minus sixty-one percent (61%) of the losses ($16,-291.81), a total of $130,033.93.

Defendant, Mrs. Woods, argues, however, that Metropolitan is "entitled to restitution in the full amount ($126,000.00) (sic $116,-433.84) of insurance proceeds it had paid by mistake to Roberta R. Woods," Id. at 1105, but that that amount does not include pre-judgment interest or income over and above the amount of proceeds mistakenly paid to Mrs. Woods. Mrs. Woods further argues

that the $116,433.84 to which Metropolitan is entitled must be reduced by 61% of the losses, or $16,291.81, resulting in a total amount due Metropolitan of $100,142.03.

Missouri law is clear on the issue of recovery of pre-judgment interest by an insurer after a Court has determined that the insurer has paid out life insurance proceeds to the wrong party. Contrary to Metropolitan's contentions, *Handly v. Lyons*, 475 S.W.2d 451 (Mo.App.1971) does preclude awarding pre-judgment interest in this case. In *Handly*, as in the case at bar, Metropolitan paid out the proceeds of a life insurance policy in the face of conflicting claims to those proceeds. The unpaid claimants filed suit against Metropolitan, and Metropolitan crossclaimed against the party to whom it had paid the proceeds for restitution of the money paid in the event that the claimants prevailed against Metropolitan. The Circuit Court found in favor of the plaintiffs and against Metropolitan and entered judgment for the plaintiffs in the amount of the policy plus pre-judgment interest, plus penalties and attorney's fees for the insurer's vexatious refusal to pay. The Circuit Court found in favor of Metropolitan on its crossclaim and ordered that the recipient of the proceeds tender back the money paid him by mistake. However, the court denied Metropolitan recovery for the full amount of the judgment entered against Metropolitan and in favor of the plaintiff. Metropolitan appealed.

The Court of Appeals in affirming the circuit court's decision, at pages 465–466, stated:

" * * * Metropolitan posits that there should have been rendered in its favor a 'judgment over' in the full amount of the judgment awarded to plaintiffs. Thus, in addition to restitution of .the sum of $8,000 paid out, Metropolitan asserts entitlement to recovery from the executor a sum equal to the penalty, interest and attorneys' fee awarded plaintiffs. In seeking to shift those proceeds to the executor, an implied or legally imposed contract arose between them obligating

the executor as an indemnitor under duty to pay Metropolitan *in toto* the amount of any judgment rendered against it. The foregoing is a perversion of the principles of indemnity. 'In order that a person who has paid damages may be entitled to indemnity from another, it is essential that such other be the one who is primarily responsible for the negligence or wrongful act which caused the injury.' 42 C.J.S. [Indemnity] § 23, p. 600. The 'wrongful act' here concerned was Metropolitan's vexatious refusal to pay plaintiffs the insurance proceeds. Thus Metropolitan was the *primary* moving party responsible for plaintiff's entitlement to damages, interest and attorneys' fees. It is futile to contend that the executor— the *secondary* party—should bear the burden resulting from Metropolitan's dereliction. Furthermore, Metropolitan has only itself to blame for its judgment liabilities to plaintiffs in excess of the face amount of the policy. *As has been noted, Metropolitan could have relieved itself of such liabilities by filing an action for interpleader and placing the funds in the hands of the court, subject to rival claims. Having failed to protect its interest by utilizing that available procedure, Metropolitan must now be content with its judgment against the executor for the principal sum of $8,000.*" (Emphasis added.)

This Court reads the *Handly* case as not only not requiring the award of pre-judgment interest in favor of the insurer as Metropolitan suggests, but as clearly prohibiting such an award based on indemnity policies inapplicable in an insurance case where an interpleader action is possible.[1] Metropolitan cites no cases where an insurer was awarded pre-judgment interest on its crossclaim against a wrongfully paid claimant. Metropolitan cites cases dealing with actions for money had and received in non-insurance cases. It is true that in these cases pre-judgment interest was awarded. However, in a money-had-and-received case the party seeking restitution could not have protected his interests by using the interpleader action. Had Metropolitan exercised its rights to interplead the insurance proceeds when faced with conflicting claims, it would not have suffered a judgment for pre-judgment interest in favor of Mrs. Glover.[2]

This Court does not interpret the mandate of the Court of Appeals as ordering an award that contravenes established Missouri law. The opinion is not unambiguous as Metropolitan contends. The opinion first describes the crossclaim as "asserting that, if it should be held liable to Mrs. Glover, it should be reimbursed by Mrs. Woods in the amount that had been paid over to her, some $116,000." *Glover*, 664 F.2d at 1102. Later the Court describes the Metropolitan crossclaim as a "crossclaim for restitution against Mrs. Woods for an amount equal to the judgment rendered against it, if any, in favor of Mrs. Glover." *Glover*, at 1103. The Court then states that "[W]e conclude that under the law of Missouri Mrs. Woods must return the money to Metropolitan." *Glover*, at 1104. The Court finally states that "[T]he judgment for Mrs. Woods against Metropolitan is reversed, and the cause is remanded for the entry of judgment in favor of Metropolitan on its crossclaim." *Glover*, at 1105.

The modified opinion, *Glover*, at 1105, stated:

> from Mrs. Glover's attorney after Mr. Woods death asking for a claim form. This letter was received by Metropolitan at its New York office on February 20, 1978, before the proceeds were paid out to Mrs. Woods. Metropolitan never responded to this request. Instead, Metropolitan chose to cooperate with its group policy holder and accede to its wishes that Mrs. Woods receive the proceeds.

---

1. The fact that *Handly* speaks to the issue of pre-judgment interest and not income or profits from the use of the money is inconsequential. Interest and profits are alternative methods of measuring the damages suffered from loss of use. Here, Metropolitan only suffered damages on account of loss of use of the proceeds through its own error in judgment.

2. Metropolitan was alerted to the possibility of conflicting claims when it received a letter

"On December 2, 1981, this Court held, *inter alia*, that Metropolitan Life Insurance Company was entitled to restitution in the full amount ($126,000) [sic $116,-433.84 as both parties agree] of insurance proceeds it had paid by mistake to Roberta R. Woods. * * * The judgment in favor of Mrs. Woods and against Metropolitan is reversed."

In neither the original opinion nor in the modified opinion is pre-judgment interest or income ever mentioned. This Court is not willing to assume that the absence of a reference to an element of recovery amounting to $35,000.00 is a mere oversight by the Court of Appeals, particularly in view of the fact that awarding such a recovery is not in accordance with the *Handly* case on which the Court of Appeals heavily relied in reaching its decision. The Court of Appeals mandate when read in context with the opinion is best interpreted as generally finding in favor of Metropolitan on its claim for restitution, the amount of restitution to be governed not by Metropolitan's prayer but by state law.

The Court finds that Metropolitan is entitled to recover $116,433.84 from Mrs. Woods as the amount of proceeds wrongfully paid to her. The Court of Appeals directed this Court to consider if the amount to be restored to Metropolitan should be reduced because of certain losses the investment fund sustained. If any losses are to be deducted in their appropriate proportion, it is only fair to consider proportionate income in determining whether the proceeds are still intact. Income and losses will be taken into account insofar as the losses exceed the income and thus render the proceeds fund no longer intact. Thus, the Court will not reduce the amount paid to Mrs. Woods by any losses since it was shown that the income generated by the proceeds exceeded the losses incurred. Under the facts in this case there is no inequity in ordering Mrs. Woods to return the full amount of proceeds paid to her of $116,433.84. *State Farm Mutual Automobile Ins. Co. v. Sabourin*, 574 S.W.2d 8, 10–11 (Mo.App.1978).

Accordingly, judgment will be entered in favor of Metropolitan on its crossclaim for restitution in the amount of the proceeds it paid by mistake to Mrs. Woods, $116,433.84.

The Court adopts this memorandum opinion as its findings of fact and conclusions of law, and the clerk of the Court is directed to prepare and enter the proper judgment in accordance with this opinion.