**Jeanne B. Woods GLOVER,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Appellant,**

**Roberta R. Woods, Appellee.**

No. 82–2008.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 28, 1983.

Decided Feb. 2, 1983.

---

948

Paul W. Kopsky, Lawrence G. Gillespie, Chesterfield, Mo., for appellee; Kopsky & Wiegert, Inc., Chesterfield, Mo., of counsel.

Lewis R. Mills, P. Terence Crebs, Audrey G. Fleissig, St. Louis, Mo., for appellant; Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., of counsel.

Before BRIGHT, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Jeanne B. Woods Glover brought this suit against Metropolitan Life Insurance Company and Roberta R. Woods to recover the proceeds from a life insurance policy issued on her ex-husband, Robert Woods. Metropolitan had paid the proceeds, $116,433.84, to Mrs. Woods. Mrs. Glover contended that under a divorce decree and property settlement, she was entitled to the proceeds of the policy. The district court, 499 F.Supp. 1308, found that Mrs. Glover was entitled to the proceeds, and ordered Metropolitan to pay them to her. However, it also found that because Metropolitan had paid Mrs. Woods under a mistake of law, it was not entitled to recover those funds from her. On appeal, this court found that under Missouri law Mrs. Woods must return the money to Metropolitan. *Glover v. Metropolitan Life Ins. Co.,* 664 F.2d 1101 (8th Cir.1981) (*Glover I*). However, this court remanded to the district court to determine whether Mrs. Woods had detrimentally changed her position in reliance on her receipt of the payment from Metropolitan, and to decide the extent to which Metropolitan was entitled to restitution.

On remand, the district court, 545 F.Supp. 205,[1] found that Mrs. Woods had placed the money she received from Metropolitan in an account with Merrill Lynch, Pierce, Fenner & Smith, Inc. The court found that she had suffered losses on some transactions, that she had made money on others, and that her profits exceeded her losses by some $13,000.00. Metropolitan argued that Mrs. Woods should be required to pay over those profits in addition to the base amount she originally received from Metropolitan. Alternatively, Metropolitan claimed that it was entitled to the amount it had paid Mrs. Glover, which was the policy amount plus interest, from Mrs. Woods, but agreed that the amount could be reduced proportionately by Mrs. Woods' losses. Under either argument, Metropolitan would recover approximately the same amount. The district court disagreed, and found that under Missouri law Metropolitan could not recover prejudgment interest or profits; the district court found that because Metropolitan could have originally filed an interpleader action against Mrs. Woods and Mrs. Glover instead of paying Mrs. Woods, and because Mrs. Woods had not acted wrongfully or fraudulently, Metropolitan was entitled to recover only the $116,433.84 it had paid to Mrs. Woods.

On appeal, Metropolitan argues that the district court improperly applied the mandate of this court in *Glover I,* and that the district court misinterpreted Missouri law when it decided that Metropolitan was not entitled to prejudgment interest.

We disagree. *Glover I* instructed the district court to determine the amount Metropolitan was entitled to recover. It has done so applying Missouri law in making its determination. Here, as usual, we defer to the district court's interpretation of state law. We find no failure to follow our man-

date and we cannot find that the district court has misinterpreted or misapplied Missouri law on prejudgment interest. *Handley v. Lyons,* 475 S.W.2d 451 (Mo.App.1971); *Western Casualty and Surety Company v. Kohm,* 638 S.W.2d 798 (Mo.App.1982).

We therefore affirm the district court judgment on the basis of the district court's well-reasoned opinion.[2] 8th Cir.R. 14.

---

1. The Honorable Roy W. Harper, United States Senior District Judge, Eastern and Western Districts of Missouri.

2. We note that Mrs. Woods has filed a supplemental brief arguing that *Western Casualty and Surety Company v. Kohm,* 638 S.W.2d 798 (Mo.App.1982), requires that this court reeval-uate its holding in *Glover I* that she must return the proceeds to Metropolitan. Assuming, without deciding, that a reevaluation of *Glover I* is appropriate at this juncture, we adhere to our earlier holding since we find that *Kohm* is not inconsistent with the flexible rule of mistaken payment we outlined in *Glover I.*