**Lou W. FAIRCLOTH, Administrator for the Estate of David C. Faircloth, Deceased, Plaintiff,**

**v.**

**NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, et al., Defendants.**

**No. C–1–91–578.**

United States District Court, S.D. Ohio, W.D.

Dec. 10, 1992.

Steven Michael Runge, Franklin, OH, for Lou W. Faircloth, Adm'r of Estate of David C. Faircloth, deceased, plaintiff.

Dana Alan Stamps, West Carrollton, OH, for James H. Faircloth, defendant.

Robert Bruce Snyder, Porter, Wright, Morris & Arthur, Dayton, OH, for Cross Pointe Paper Corp., dba Miami Paper, defendant.

Larry A. Temin, Strauss & Troy, Cincinnati, OH, for Northwestern Nat. Life Ins. Co., defendant.

ORDER GRANTING DEFENDANT NORTHWESTERN'S MOTION FOR SUMMARY JUDGMENT AND DENYING JAMES H. FAIRCLOTH'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on Defendant James H. Faircloth's Motion for Summary Judgment (doc. 21), Defendant Northwestern National Life Insurance

Company's ("Northwestern") Motion for Summary Judgment (doc. 35), and the Defendant James H. Faircloth's Response (doc. 36).

## BACKGROUND

Northwestern paid the benefits of David C. Faircloth's insurance policy to James H. Faircloth. This Court has already found that Northwestern paid these benefits to the wrong person, and that the Plaintiff, Lou W. Faircloth, is entitled to this money. Order, doc. 31 (S.D.Ohio Aug. 31, 1992). This leaves one issue to be resolved. Who should bear the loss for Northwestern erroneously paying the insurance proceeds to James H. Faircloth—Northwestern or James H. Faircloth?

## DISCUSSION

In granting the Plaintiff's Motion for Summary Judgment, the Court issued a decision that Northwestern probably did not expect. The Court noted the contrary authority in issuing its Order, but found the case before it to be factually distinguishable from past cases. As a result, Northwestern has now paid twice on David C. Faircloth's insurance policy.

Northwestern's payment to James H. Faircloth turned out to be erroneous. Consequently, James H. Faircloth has received a windfall for which no one bargained. The United States Court of Appeals for the Eighth Circuit considered a similar case to the one now before the Court. In *Glover v. Metropolitan Life Ins. Co.*, 664 F.2d 1101 (8th Cir.1981), the decedent's first wife brought an action against both her husband's insurer and the decedent's second wife. The decedent's first wife sued in order to recover insurance proceeds which the insurance company had paid to the second wife. The insurance company asserted a cross-claim against the second wife, seeking an amount equal to any judgment against it in favor of the first wife. After the insurance company was found to be liable to the first wife, the Eighth Circuit determined that the second wife had to reimburse the insurance company for the funds mistakenly paid to the second wife. The *Glover* court reasoned that:

> ... the important question is not whether the mistake was one of law or of fact, but is whether the case falls within the fundamental principle of equity that no person should be unjustly enriched at the expense of another.

*Id.* at 1104 (quoting *Handly v. Lyons*, 475 S.W.2d 451 (Mo.App.1971)); *see also Guarantee Trust Life Ins. Co. v. Wood*, 631 F.Supp. 15 (N.D.Ga.1984) (beneficiary to a life insurance policy not allowed to retain insurance proceeds mistakenly paid by the insurer).

We find the reasoning of *Glover* to be persuasive. Certainly, Northwestern could have avoided this litigation by filing an interpleader action. *See* Fed.R.Civ.P. 22. However, litigation is costly. On the other hand, James H. Faircloth could have avoided this litigation by giving back, at any point, insurance proceeds that were not his. These costs are minimal. *See generally*, Richard Posner, *Economic Analysis of the Law* (1986).

In sum, James H. Faircloth simply has no right to David C. Faircloth's insurance proceeds. Northwestern should not be punished in order to allow James H. Faircloth to receive a windfall.

## CONCLUSION

Accordingly, Defendant Northwestern's Motion for Summary Judgment on its crossclaim against Defendant James H. Faircloth is granted, while Defendant James H. Faircloth's Motion for Summary Judgment is denied.

SO ORDERED.